LINCOLN WARNER *et al., Appellants,* v. W. A. WARNER *et al., Appellees.*

No. 16,733.

SYLLABUS BY THE COURT.

1. ACTIONS—*Dismissal without Prejudice.* Under the facts as shown by the record, where the plaintiff in an action has submitted his case by introducing his evidence and filing a written brief, and the court has taken the case under advisement and has considered the merits thereof, the plaintiff is not entitled as a matter of right to dismiss his action without prejudice.

2. COSTS—*Fees for Guardian ad Litem.* Costs in an action were not recoverable at the common law, and before they can be awarded to either party under our code some warrant therefor must be found in the statute; and a statute which provides for the allowance of costs does not authorize the taxing of any fees for a guardian *ad litem* for the prevailing party as costs against his opponent, there being no statutory provision therefor.

Appeal from Butler district court. Opinion filed December 10, 1910. Modified.

*N. A. Yeager,* and *H. C. Sluss,* for the appellants.

*T. A. Kramer, A. L. L. Hamilton,* and *B. R. Leydig,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: This case, being an action to set aside a will, was tried to the district court of Butler county, without a jury, on June 15, 1908, and after the evidence of each party had been introduced the records of the court show the following proceedings:

"Thereupon the court suggested that the cause be submitted on written briefs, and, the parties consenting thereto, the court gave the plaintiffs sixty days in which to submit their written brief and argument to the court or the judge thereof, and to serve a copy thereof on the attorneys for the defendants, and if the court so desired, after considering the brief of the plaintiffs, the defendants should have reasonable time thereafter in which to submit written briefs for the defendants in reply to the brief of the plaintiffs, and the further hearing of said cause was continued until the November, 1908, term of said court.

"On August 12, 1908, at an adjourned day of the June term of said court, an extension of time for filing plaintiffs' brief was granted, and they were given 'until within a reasonable time prior to the November, 1908, term of said court to submit their written brief.'

"Now, on this 19th day of November, 1908, said plaintiffs, by their attorneys, filed their motion and moved the court to dismiss said action without prejudice to a new action, and said motion was passed to a later day in the term.

"Now, afterward, to wit, on this 27th day of November, 1908, comes on for hearing the motion of the plaintiffs to dismiss said action without prejudice to a future action. All the parties to said cause appearing by their respective counsel, and after argument by counsel, and the court, being fully advised, finds that said cause was finally submitted for decision and judgment on the written brief and argument of the counsel of the plaintiffs prior to the filing of said motion to dismiss without prejudice, and the court takes the matter under

advisement and continues the further hearing of said cause until January 4, 1909, the same to be an adjourned day of said November, 1908, term of said court.

"Now, on this 4th day of January, 1909, being an adjourned day of the November, 1908, term of said court, comes on to be heard the motion of the plaintiffs to dismiss said cause without prejudice, and the court, being fully advised in the premises, finds that said cause was fully and finally submitted on its merits by said plaintiffs prior to the time said motion to dismiss was filed, and the court overruled said motion to dismiss without prejudice, to which ruling of the court the plaintiffs duly objected and excepted.

"Thereupon said cause came on for final judgment and decision on its merits, and the court, being fully advised in the premises, finds that the writing purporting to be the last will and testament of Filena Warner, deceased, as admitted to probate in the probate court of Butler county, Kansas, is the valid last will and testament of said Filena Warner, deceased, and that said plaintiffs should not recover in said action.

"It is therefore considered, ordered and adjudged by the court that the prayer of the said plaintiffs' petition be and the same is hereby denied, and that said defendants have and recover judgment against said plaintiffs for their costs, taxed at $383.30. To each and all of the rulings, decisions and judgments of the court the said plaintiffs objected and duly excepted.

"Whereupon the respective guardians *ad litem* each moved the court that an allowance be made by said court for fees for services as such, and asked the court to tax said fees up as costs in said action against said plaintiffs. And the court, being fully advised in the premises, allows the following amounts: To T. A. Kramer, $185; to E. N. Smith, $35; to C. A. Leland, $35; to E. D. Stratford, $35.

"It is therefore considered, ordered and adjudged by the court that $35 of the sum allowed to T. A. Kramer be taxed to the plaintiffs as costs, and that $150 of the allowance to said T. A. Kramer be taxed against the estate of said Filena Warner, deceased, and that the sums allowed respectively to C. A. Leland, E. N. Smith and E. D. Stratford, being $35 each, be taxed as costs against said plaintiffs; to which ruling of the court taxing said guardians *ad litem* fees as costs and against

said plaintiffs and to each and all of said findings, rulings, orders and judgments said plaintiffs duly objected and excepted.

"And afterward, on the same day, the said plaintiffs filed and presented their motion to set aside the judgment and decision of the court herein rendered, and for a new trial, and the court, after hearing the argument of the counsel and being fully advised in the premises, overrules said motion; to the ruling and order of the court overruling said motion said plaintiffs duly objected and excepted.

"And afterward, to wit, on the same day, plaintiffs filed and presented their motion to the court to retax the costs allowed for the respective guardians *ad litem*, the hearing of which motion was continued to the March term of said court."

The facts which determine whether a case is finally submitted to a trial court for determination are largely within the knowledge of the judge thereof, especially the fact whether or not he has considered all the claims and contentions of the parties, and whether or not it would be in furtherance of justice to allow a plaintiff to dismiss his action and begin anew. The case was heard below at one term of court, so far, at least, as the evidence of the parties was concerned, and was taken under advisement for decision until the next term, with ample provision for written briefs and arguments, to which the parties both consented. The motion to dismiss the action without prejudice was filed nine days after the beginning of the ensuing term, and we can not say from the facts presented in the record that the judge had not fully examined all of the claims and contentions of the parties and arrived at a full decision of the case in his mind. Indeed, at the very time the case was taken under advisement and continued the intimation of the court was that it was inclined to decide the case in favor of the defendants, and would not care to hear from them, unless the plaintiffs made some showing which caused his judgment to waver in this respect. With knowledge of this intima-

tion, the plaintiffs presented their brief to the court. It may fairly be said that the defendants also, under the agreement, submitted their case without any brief, and the decision of the court upon this question will not be reversed.

The appellees were by the judgment of the court awarded four allowances of $35 each, aggregating $140, as fees to the respective guardians *ad litem,* which allowances were taxed as costs in the case, and a motion to retax the costs was denied. Neither party to an action at common law could recover his costs, but each party was responsible for the costs he had made. It has, therefore, been frequently said that before costs can be awarded in an action under our code some warrant therefor must be found in the statute. Unless otherwise provided, costs in actions for money or for the recovery of specific real or personal property are to be adjudged in favor of the prevailing party; in other actions costs are to be taxed and apportioned as in its discretion the court thinks right and equitable. (Code 1909, §§ 613-615.) But these allowances to the guardians *ad litem* are not, properly speaking, costs. They seem rather to be in the nature of penalties imposed for bringing an unfounded action against minors. It was said in *Prest v. Black,* 63 Kan. 682 :

"The fees of a guardian *ad litem* are not costs in the case, and therefore are not chargeable against the unsuccessful party." (Syllabus.)

The allowances will therefore be set aside, and the judgment, so modified, is affirmed.