No. 22,275.

THE STATE OF KANSAS, *ex rel.* S. M. BREWSTER, as Attorney-general, etc., *Plaintiff*, v. THE COMBINATION OIL AND GAS COMPANY, *Defendant.*

### SYLLABUS BY THE COURT.

1. QUO WARRANTO — *Corporation — Misconduct of Directors — Partial Ouster.* Courts proceed with caution in declaring a forfeiture of the privileges and corporate capacity of a corporation, and where innocent owners of the property, as well as the public, would sustain severe losses from dissolution, and the purposes of the law can be subserved by a partial ouster, the latter will be adjudged.

2. SAME. In a proceeding in quo warranto in which a corporation is charged with abuses of the franchises granted to it, and with unlawful practices by its board of directors, the charges are found to be in part sustained, and, exercising the discretion vested in the court, it is adjudged that there be a partial ouster by the prohibition of the abuses and unlawful practices and the selection of efficient and law-observing directors.

3. SAME—*Costs Adjudicated.* The costs of the proceeding cannot be adjudged against persons not before the court.

Original proceedings in quo warranto. Opinion filed July 11, 1919. Judgment for plaintiff; partial ouster ordered.

*R. J. Hopkins,* attorney-general, *S. M. Brewster,* and *T. F. Railsback,* of Topeka, for the plaintiff.

*Jean Madalene, Thomas C. Wilson,* and *Charles B. Hudson,* all of Wichita, and *Lee Monroe, C. M. Monroe,* and *J. A. McClure,* all of Topeka, for the defendant.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a quo warranto proceeding brought by the state, on the relation of the attorney-general, to oust the Combination Oil and Gas Company from exercising corporate privileges and franchises within the state.

Upon application of the plaintiff, a receiver was appointed, who took possession of the property of the defendant and is conducting its business during the pendency of this proceeding. On February 6, 1919, Honorable F. Dumont Smith was appointed as a commissioner to hear and record the testimony and to make findings of fact and conclusions of law thereon. At the end of the hearing, in which testimony was taken as to the abuse of privileges granted to the defendant, and of certain violations of law by it, the commissioner found, as a matter of mixed law and fact, that the state had made a case in the following particulars:

"1. That the corporation had no right to change its plan of sale and increase the selling price of its stock without the consent of the Blue Sky board.

"2. I find that the sale to Groth was a sale in good faith of its stock, but that Groth, as agent of the company, was guilty of the grossest kind of fraud and misrepresentation, and the company is responsible for his fraud.

"3. I find that the defendant failed to file with the Blue Sky board copies of its advertising matter, and therein violated the law, and its advertising matter was misleading.

"4. I find that the defendant declared a dividend which was not warranted by the condition of the corporation, and was a violation of law."

As a remedy, the commissioner recommended to the court that the drastic remedy of a complete ouster be not applied, as the dissolution of the corporation and the disposition of its assets would result in severe loss to innocent stockholders, and in some measure to the public, and that in his opinion the purposes of the law would be subserved by a partial ouster; that is, by the ousting of the directors of the corporation and the prohibition of the unlawful practices employed by the directors and agents of the defendant.

It was suggested that the defendant should take the steps necessary to change its official management, and to that end there should be supervision of the election of directors soon to

be held, as well as the transfer of the property and business of the corporation to the new board of directors. It was also recommended that the defendant pay the costs of the proceedings, the same to be charged against the stock of the offending directors.

The state moves for the confirmation of the report of the commissioner, and the defendant asks for a modification of it in respect to the making of the present directors, ineligible for election, and also as to the supervision of the annual election. There is also objection to the proposed order of charging the costs of the proceeding against the stock of the present directors.

The report of the commissioner, which was well considered, meets with little objection from the parties, and there is not much dispute between them as to the judgment that should be entered. The courts administer the drastic remedy of dissolution with caution, and we do not think that the facts developed in the present case warrant the application of that remedy here. The state is not insisting on a dissolution and final disposition of assets, but is asking for reformation in business methods. The owners of the property, as well as the public, would sustain substantial losses if the company was deprived of corporate capacity, and it is the view of the court that the wrongs and practices complained of can be corrected and the public protected without resort to so harsh a remedy.

The evidence as to the unlawful practices of the present board of directors and its agent makes it manifest that they should not continue to administer the affairs of the corporation, and this change can be effected at the annual election to be held in August of this year. To aid in effectuating the change, the annual election will be supervised by the state bank commissioner, who shall give due notice of the election to all stockholders of the corporation. Stockholders, if they desire to do so, may send their proxies to him authorizing him to act for them at that election. The court will retain jurisdiction of the case until a new board of directors has been chosen, when, if the circumstances warrant, the receivership will be closed and the property of the corporation transferred to the new board.

Schofield v. School District.

The recommendation that the costs of the proceeding be charged against the offending directors cannot be adopted, as they were not made parties to the action and are not before the court. The costs of the case, including the fees of the commissioner and attorneys, will be adjudged against the defendant.

Judgment accordingly.