No. 33,590

Odessa Galloway and Ira Amend, *Appellants*, v. Nettie Wesley and Clark Wesley, *Cross-appellants;* Ralph Wesley, Milton Wesley, Ann Wesley, and Nettie Wesley as the Guardian of the Person and Estate of Milton Wesley, a Minor, *Appellees.*

(73 P. 2d 1073)

Opinion filed December 11, 1937,

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellants.

*Wendell P. Wesley,* of Ulysses, *D. H. Donnelly,* of Stafford, *Wesley E. Brown, C. M. Williams, D. C. Martindell* and *W. D. P. Carey,* all of Hutchinson, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to contest a will. Judgment was for defendants. Plaintiffs appeal.

The testator was Mary V. Amend. The plaintiffs were a son and a daughter. The defendants were Nettie Wesley, another daughter, and certain grandchildren and great grandchildren of testators, all beneficiaries under the will. The will disposed of about 1,140 acres of land in Kansas.

Ralph Wesley was made a party defendant, also his minor son, Clark Wesley. Ralph Wesley was served with summons and employed Brown and Martindell, lawyers of Hutchinson, to represent him. After summons was served on Clark Wesley, the minor, on proper motion being made the trial court appointed Brown and Martindell, lawyers of Hutchinson, guardians *ad litem* for Clark Wesley.

Nettie Wesley and Milton Wesley, her minor son, were also parties and served with summons. Nettie employed D. H. Donnelly, a lawyer at Stafford, Kan., to represent her. Milton, who was over fourteen, was served. He filed a motion in the trial court asking that Wendell P. Wesley, his uncle, practicing law at Ulysses, be named guardian *ad litem* for him.

The petition set forth two causes of action. The first asked that the will be set aside, and the second sought to enforce an oral contract alleged to have been made between deceased and her children for distribution of the property left by her in accordance with that contract. Proper pleadings were duly filed for all parties. As to the oral contract, the trial court sustained a demurrer to the second cause of action. As to the first cause of action, after the issues were made up the case was tried and the court found the issues generally for the defendants and against the plaintiffs, and upheld the will.

One clause of the will gave Nettie Wesley a life estate in eighty acres of land. This eighty was misdescribed in the will, but described correctly in the petition of plaintiffs. Nettie, therefore, filed a cross petition in which she asked that the will be reformed so as to correctly describe this eighty. This affirmative relief was granted her by the trial court.

On account of some questions that are raised by plaintiffs some dates will be noted now. Martindell and Brown were appointed guardians *ad litem* for Clark Wesley May 7, 1935, and Wendell P. Wesley was appointed guardian *ad litem* for Milton Wesley on the same date. Judgment upholding the will and reforming it was entered June 5, 1936. The court ordered that the costs be taxed against the plaintiffs. On the 8th of September, 1936, the court considered a motion of guardians *ad litem* to allow attorney fees to the

guardians *ad litem.* At this hearing the trial court heard evidence as to the services performed and the value thereof. The result was an order allowing Wendell P. Wesley $750, including in that sum $250 for expense, and to Wesley E. Brown and D. C. Martindell $800, including $50 for expense. At this hearing the question of these fees being taxed against the plaintiffs does not appear to have been dealt with other than at the time the order upholding the will was made the costs in general were taxed against the plaintiffs. At any rate, on October 6, 1936, a hearing was had upon the motion of plaintiffs for a rehearing upon the question of allowances made the guardians. At this hearing the plaintiffs asked that the guardian fees for Milton Wesley be taxed against Nettie Wesley, his mother, and that the fees for the guardian of Clark Wesley be charged against Ralph Wesley, his father.

The court heard these motions and on December 16, 1936, made an order fixing the fees and expenses, as has already been set out, and providing that these fees and expenses be taxed as costs in the action against the plaintiffs, and that plaintiffs be taxed with all the costs.

On April 12, 1937, plaintiffs filed an additional motion for rehearing upon the order taxing guardian *ad litem* fees against the plaintiffs.

On June 2, 1937, the court made an order, first denying the guardians *ad litem* any additional fees for services performed since the order of May 8, 1936. The trial court further recited the fact that all defendants had filed cross petitions asking to have the will reformed, as already noted. The court further ordered that since this relief was asked by Nettie and granted by the court and was necessary and proper for Nettie to prevent her losing valuable rights she should pay part of the guardians' fees. The court, therefore, ordered that $300 of the costs in the case should be taxed against Nettie.

The plaintiffs filed their notice of appeal June 4, 1937. They appeal from the order of the trial court of December 16, 1936, allowing the guardian fees, as already referred to, and overruling the motion of plaintiffs to retax the costs and from the order taxing as costs against the plaintiffs the guardian fees and expenses.

On July 31, 1937, Nettie Wesley filed her notice of appeal, wherein she appealed from the order of the court of the 2d day of June, 1937, taxing $300 of the costs of the case against her.

On October 15, 1937, Clark Wesley filed his notice of appeal

wherein he appealed from the order of the trial court of June 2, 1937, in which the court denied his guardians additional attorney fees.

We will deal with the appeal of plaintiffs first. The specifications of error urged by plaintiffs are:

"1. The court erred by abusing its discretion in appointing three attorneys as guardians *ad litem* to represent two minor defendants whose interests' in the action were identical.

"2. The court erred by abusing its discretion in the appointment of two attorneys residing in Hutchinson, Kan., a distance of fifty miles from where the action was pending, as the guardians *ad litem* for the minor defendant Clark Wesley, and in the appointment of an attorney residing at Ulysses, Kan., a distance of 160 miles from where the action was pending as guardian *ad litem* for the minor defendant Milton Wesley.

"3. The court erred by allowing excessive guardians *ad litem* fees in the sum of $1,550.

"4. The court erred in taxing guardians *ad litem* fees as costs against the appellants.

"5. The court erred in allowing expenses to guardians *ad litem* in addition to compensation."

The defendants, Clark Wesley and Milton Wesley, challenge the right of the plaintiffs to be heard on the first two specifications of error because these two orders were made by the trial court more than six months before the appeal was taken.

If it were these orders from which the appeal was being taken this court would be inclined to pay considerable attention to this argument. As it is, however, these two specifications are mainly arguments as to whether the trial court abused its discretion in allowing the amount it did allow, as is charged in the third specification. These three matters will be considered together. First, it should be noted that it should make no difference to plaintiffs as to who was appointed guardian or from whence he came, just so the aggregate amount allowed was not excessive and the place from whence he came was not at such a distance that the expense of getting him to the place of the trial was so excessive as to amount to an abuse of discretion by the trial court. It appears that the court considered this feature when it made the fee allowed Mr. Wesley somewhat smaller than that allowed the other two guardians because the amount of his expenses was greater. The total compensation allowed each was about the same.

Now as to the amount allowed. The trial court heard the evidence offered on the part of both parties. Lawyers who practice in that part of the state testified as to the value of the services.

The record is not as complete as it might have been as to the value of the interest of each of the two minors. However, it appears that each of them had a valuable interest in having the will upheld, since under its terms they would each receive a share of the land left by testator in fee, while under the law of descents and distribution the share they would receive in a distribution of the estate would have been problematical, since they are great grandchildren of testator and the parents of each were living. The trial court had the advantage which this court does not have, that is, it saw counsel in action, saw just what was done by them, and had an understanding of what the situation demanded as it developed. This court cannot get this picture from the printed record. What we can see is that had the result of the action insofar as upholding the will is concerned been otherwise than it was these two minors would have suffered great loss. Under such circumstances we cannot say that the trial court abused its discretion in allowing the amount it did allow.

Now as to the question of whether the court erred in taxing the fees as part of the costs against the plaintiffs, the authority for the court to do this is found, if at all, in G. S. 1935, 60-408. That section is as follows:

"In any proper case service may be made on minors, insane and other incompetent persons by a summons personally served or by publication notice as provided in this code, the same as upon other persons defendants in action. If there be a natural or legally appointed guardian for such minor, insane or incompetent person, service shall also be made in the same manner upon such guardian. If there be no legally appointed guardian for such minor, insane or incompetent person, or if such guardian fail to appear and answer in the action within the time fixed by the summons or publication notice, the court shall appoint a guardian *ad litem* for such minor, insane or incompetent person and such guardian *ad litem* shall file proper pleadings in such cause, which shall include a general denial of the plaintiff's petition, as shall put the plaintiff to proof of his cause of action. Such guardian *ad litem* shall receive such reasonable compensation as the court or judge before whom the action is pending, or tried, may order, the same to be taxed and collected as costs in the action. The appointment cannot be made until after the service of the summons in the action, and no default judgment shall be rendered against such minor, insane or incompetent person."

This section is applicable to this case and was complied with in every particular. The language with which we are interested is, "Such guardian *ad litem* shall receive such reasonable compensation as the court or judge before whom the action is pending, or tried,

may order, the same to be taxed and collected as costs in the action." The argument of plaintiffs is that this provision does not give the court authority to tax the fees of guardian *ad litem* against the losing party.

This question requires a consideration of G. S. 1935, 60-3704. That section reads as follows:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

Note, also, G. S. 1935, 60-3705. That section reads as follows:

"Costs shall be allowed of course to any defendant upon a judgment in his favor in the actions mentioned in the last section."

The action in this case is not for the recovery of money only, nor for the recovery of specific real or personal property. Hence neither of the above statutes applies, so that the cost would go to either party as a matter of course. There is a section, however, that does apply. G. S. 1935, 60-3706, is as follows:

"In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

This case undoubtedly comes within the meaning of "in other actions" as it is used in the above statute; that is, it is not an action for the recovery of money only, or for the recovery of specific real or personal property.

An examination of the history of G. S. 1935, 60-408, will be helpful. The statute was not as it now is when *Warner v. Warner*, 83 Kan. 548, 112 Pac. 97, was decided. That action was one to contest a will. The will was upheld and the court taxed part of the fees of certain guardians *ad litem* against the plaintiffs as costs. This court reviewed G. S. 1909, § 6210, which was the section now numbered G. S. 1935, 60-3706, and held that while this section gave the trial court authority to apportion costs as to the court might seem right and equitable, still guardians' fees were not, properly speaking, costs and were not chargeable against the unsuccessful party. This opinion was handed down December 10, 1910. At that time G. S. 1909, § 5625, simply provided that the defense of an infant or person of unsound mind should be by a guardian for the suit, who might be appointed by the court, in which the action was prosecuted. Chapter 228 of the Laws of 1911 provided as follows:

"That section 32 of chapter 182, Session Laws of 1909, being paragraph 5625 General Compiled Statutes 1909, be amended so as to read as follows: Sec. 5625, sec. 32. The defense of an infant or person of unsound mind, must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by a judge thereof, and such guardian shall receive such reasonable compensation as the court or judge before whom the action is pending, or tried, may order, the same to be taxed and collected as costs in the action. The appointment cannot be made until after the service of the summons in the action, as directed in this code." (§ 1.)

Since the reason given in *Warner v. Warner*, supra, and *Prest v. Black*, 63 Kan. 682, 66 Pac. 1017, whereby guardians' fees could not be taxed against the unsuccessful party, was the lack of provision for such action in the statutes, it would seem that the above enactment would have supplied that lack. Otherwise, what would be the meaning of the words "such guardian *ad litem* shall receive such reasonable compensation as the court or judge before whom the action is pending, or tried, may order, the same to be taxed and collected as costs in the action"? The above section was joined with others of the same general nature in the compilation of 1923, R. S. 60-408, now G. S. 1935, 60-408, but the provision with which we are dealing remained the same.

Plaintiffs refer to the case of *Emery v. Emery*, 104 Kan. 679, 180 Pac. 451. That was a case where a father sued his divorced wife and their two children to quiet title to certain real estate which the trial court in a divorce proceeding had attempted to set aside for the children, preserving a life estate in the father. The trial court held against the father, but on appeal the judgment of the trial court was reversed. The part of the opinion in which we are interested is where this court considered a request of the guardian *ad litem* that irrespective of the result of the appeal an allowance be made for his services in this court. This court quoted the statute with which we are interested, and held the provisions of it were sufficiently broad that compensation should be allowed the guardian *ad litem* for services in the supreme court. It is true that this court said:

"Inasmuch as the appellant, as the father of the children, would in any event ultimately be liable for the services properly rendered for them, the allowance will be taxed directly to him." (p. 683.)

However, it must be remembered that the court was there taxing the fee against the party who had won the appeal, not, as in this case, against the unsuccessful party. And furthermore, the opinion

is really an authority for a court taxing the costs where, in the exercise of its discretion, it concludes that they should be taxed.

Plaintiffs cite and rely upon *Zimmerman v. McMurphy*, 111 Kan. 654, 208 Pac. 642. That was an action by an assignee of an insolvent corporation to recover from executive officers of the corporation for losses incurred. The plaintiff recovered and defendant appealed. Plaintiff filed a cross-appeal. One of the errors urged in the cross-appeal was that plaintiff should have been allowed, as an element of damages, expenses of the assignment administration. This court held against this claim on the grounds that only such items of cost should be allowed in an action as were authorized by statute, and that costs such as those mentioned were not authorized. It is true that this court said:

"It has been further held that the fees of a guardian *ad litem* in executing his trusts are not to be treated as costs in the case, and not chargeable against the unsuccessful party. (*Black v. Black*, 64 Kan. 689, 68 Pac. 662; *Warner v. Warner*, 83 Kan. 548, 112 Pac. 97.)" (p. 657.)

This remark was made, however, on the general proposition, which nobody doubts, that there must be statutory authority for the allowance of fees as costs, not on the question of authority of the court to allow a fee where a statute authorized it, such as the one we have here.

Plaintiffs cite and rely on *Gants v. The National Fire Ins. Co.*, 127 Kan. 251, 273 Pac. 406. That was an action to settle the right of two contending parties to the proceeds of a fire insurance policy. The main question in the appeal was whether a fee of $250 should be taxed against the insurance company. The plaintiff sought to have the appeal dismissed under the terms of the statute that limited appeals to cases where the amount involved was $100 exclusive of costs. This court first held that the term "costs" meant the ordinary costs that are assessed by the clerk, not extraordinary costs that require a judicial determination. This case is not in point here because we all agree that the fixing of the amount of fees a guardian *ad litem* shall receive, and determining to which party they should be taxed under G. S. 1935, 60-408, are matters for judicial determination. The final holding that in that particular case the fee should not be taxed against the insurance company was based on the fact that at the outset of the litigation the insurance company had expressed its willingness to pay the proceeds of the policy to whoever should be entitled to them and had never resisted payment.

This holding is no support for the argument of plaintiffs here. *Hutchinson v. Hutchinson*, 152 Ill. 347, 38 N. E. 926, is cited and relied on by plaintiffs. We have examined that case and find that the decision turned upon the legislative history of the statute relating to fees of guardians *ad litem*. While the history of the statute in that case points to the result reached, the history of our statute points just as straight to the result reached by the trial court here. We have examined the authorities relied on by plaintiffs at some length because the exact question does not appear to have been passed on heretofore.

Plaintiffs argue that if the decision of the trial court is upheld it follows that a party suing a minor does so at the hazard of being assessed punitive costs as a penalty for joining a minor who might be a necessary party to the action. If this be true, then it is only another safeguard our legislature has seen fit to throw about the affairs of minors. In this connection it should be remembered, however, that the statute does not provide, nor are we holding, that the fees of guardians *ad litem* should in all instances be taxed against the unsuccessful party who has sued the minor. The statute simply provides, and we hold, that the trial court may tax these fees as costs in the manner "as in its discretion it may think right and equitable." The matter of against whom these costs should be taxed is placed within the discretion of the trial court. We do not see any reason why we should disturb that discretion as it was exercised in this case.

Plaintiffs argue that the statute does not give the trial court authority to tax expenses of the guardian *ad litem* as well as his fee as costs in the action. On this point we hold that the term compensation as used in the statute is broad enough to include expenses, at least when the expenses included and allowed are only those incidental to this particular litigation.

We will next treat the cross-appeal of Nettie Wesley. She cross-appeals from the judgment of the trial court ordering her to pay $300 of the fees of the guardians *ad litem*. It will be remembered that the order taxing these fees as costs against plaintiffs was made on December 16, 1936. This was a judicial day of the October term of the trial court. The order taxing $300 of these fees to Nettie Wesley was made June 2, 1937. This was a judicial day of the May, 1937, term of the trial court. It will be seen that the change in the judgment taxing costs was made during a term subsequent to the

one at which the order taxing the costs was made. The order of December 16, 1936, was a final order and plaintiffs could have appealed from it at any time within six months. Nettie Wesley points out that the order taxing these costs against her was made at a subsequent term, and argues that the trial court lost authority to change the order taxing these fees as costs against plaintiff after the end of the term during which it was made; that is, that such an order could be changed only during the term at which it was made. It must be remembered at the outset that the taxing of these fees as costs was a matter that required judicial determination. It was necessary that the court hear evidence and arguments and exercise judicial discretion. It was also necessary when the court made its order of June 2, 1937, to consider evidence and hear evidence and exercise discretion. Under such circumstances, the rule announced in 34 C. J. 242, section 467, is in point. That rule is as follows:

"A clerical error or omission in regard to the costs to be allowed in an action or included in the judgment may be corrected on motion. But it is not permissible, by an amendment after the term, to add to the judgment cost not originally allowed nor within the purview of the original judgment, nor to reconsider the allowance of costs and shift them from one party to the other. Allowance for attorneys' fees and the like are subject to the same rule."

See, also, 1 Freeman on Judgments, 5th ed., 301.

Plaintiffs argue that Nettie cannot be heard on this cross-appeal for the reason that it was not filed in time. They base that argument on the provisions of section 4 of chapter 268 of the Laws of 1937. That section provides as follows:

"When notice of appeal has been served in a case and the appellee desires to have a review of rulings and decisions of which he complains, he shall, within twenty days after the notice of appeal is filed with the clerk of the trial court, give notice to the adverse party, or his attorney of record, of his cross-appeal and file the same with the clerk of the trial court, who shall forthwith forward a duly attested copy of it to the clerk of the supreme court."

It will be noted that under the provisions of the above section the notice of the cross-appeal should have been filed within twenty days after the notice of appeal was filed. The notice of appeal was filed on June 8, 1937, while Nettie's notice of cross-appeal was filed September 2, 1937. At first glance it would seem that the cross-appeal was not filed in time. Chapter 268 became effective June 30, 1937. The right of Nettie to cross-appeal must be determined by the law as it was at the time the appeal was taken. (See G. S. 1935, 77-

201, *first.*) That section provides that the repeal of a statute does not affect any proceeding commenced under the statute repealed. The proceeding for the appeal to this court had been commenced before chapter 268 took effect. Before chapter 268 took effect the law governing cross-appeals was G. S. 1935, 60-3314. That section is as follows:

"It shall not be necessary for the appellee, in order to have a review of rulings and decisions of which he complains, to give notice by way of cross-appeal, but if at any time before the case is assigned for hearing in the appellate court he serves upon the appellant a notice stating in what respect he asks a consideration and review of any part of the judgment, or of any order of the trial court, the same shall be had. Such notice, with proof of service, shall be filed with the clerk of the appellate court."

Nettie Wesley complied with this statute and her cross-appeal was filed in time.

We conclude that the trial court erred in its judgment of June 2, 1937, taxing $300 of the fees of the guardian *ad litem* to Nettie Wesley.

The next question is the appeal of Clark Wesley from the order of the trial court denying his guardian *ad litem* additional fees for services performed between September 8, 1936, and June 2, 1937. The trial court heard this application at the hearing pursuant to which the order of June 2 was made. At that time the court had the whole situation before it and must have concluded in the exercise of its discretion that the fee already fixed was reasonable compensation. We are not disposed to disturb the result reached by the trial court and to send the case back for action by the court on this comparatively trivial item.

The guardians *ad litem* have made a claim for their services in this court. These claims should be allowed. To Clark Wesley as fees and expenses of his two guardians *ad litem* we allow $55.51 for expenses, as set out in his claim for various items filed in this court, and in addition thereto the sum of $150 as a fee for services performed in this court by his guardian *ad litem* or in the aggregate $205.51. To Milton Wesley as fees and expenses for his guardian *ad litem* we allow $57.29 for expenses, as set out in the claim filed in this court, and in addition thereto the sum of $150 as a fee for services performed by his guardian *ad litem* in this court in the aggregate of $207.29. These amounts will be taxed and collected as costs against the plaintiffs.

The judgment of the trial court allowing the fees to the guardians

*ad litem* and taxing the entire amount thereof as costs against the plaintiffs, and the judgment of the trial court denying extra compensation to the guardians *ad litem* for services performed from September 8, 1936, to June 2, 1937, is affirmed; the judgment of the trial court taxing $300 of the fees of the guardians *ad litem* against defendant Nettie Wesley is reversed.