No. 35,143

THE STATE OF KANSAS, ex rel. A. B. MITCHELL (substituted) as Attorney General, *Plaintiff*, v. THE SAGE STORES COMPANY and CAROLENE PRODUCTS COMPANY, *Defendants*.

(145 P. 2d 830)

Opinion filed February 3, 1944.

*C. Glenn Morris,* of Topeka, argued the cause, and *A. B. Mitchell,* attorney general, and *Warden L. Noe,* of Topeka, were on the briefs for the plaintiff.

*T. M. Lillard,* of Topeka, argued the cause, and *Tinkham Veale, O. B. Eidson* and *P. H. Lewis,* all of Topeka, were on the briefs for the defendants.

The opinion of the court was delivered by

THIELE, J.: Subsequent to the determination of the above entitled cause in which a judgment was rendered in favor of plaintiff for a limited writ of ouster (*State, ex rel., v. Sage Stores Co.,* 157 Kan. 404, 141 P. 2d 655, rehearing denied 157 Kan. 622, 143 P. 2d 652), the plaintiff filed its motion for determination of the amount of costs. Although the motion makes reference to certain allowances to cover the fee and expenses of the commissioner and of witness fees, as well as to costs entered by the clerk, the purpose of the motion is to have this court make an allowance to the plaintiff and have charged against the defendants as costs, the travel expenses of plaintiff's attorneys, amounts paid by them for copies of transcripts of the evidence taken before the commissioner, the expense of printing briefs, and an allowance for attorney's fees. The defendants filed written objections to the allowances sought. For our purposes we note that they object that the items claimed for travel expense, for copies of the transcripts, for printing briefs and for attorney's fees are each and all illegal and invalid claims for costs, not authorized by any statute, and such allowance would be contrary to the law of Kansas as established by the state statutes and the decisions of this court. The amount sought by plaintiff being substantial, the motion and objections were set for oral argument and the matter has been submitted on oral argument and written briefs.

Although stated in various ways and in diverse cases, this court has repeatedly held that attorney's fees and expenses of litigation, other than ordinary court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific statutory provision therefor. The following cases are cited as illustrative: *Stover v. Johnnycake,* 9 Kan. 367 (foreclosure); *Evans v. Insurance Co.,* 87 Kan. 641, 125 Pac. 86, 41 L. R. A., n. s., 1130 (fraud); *Zimmerman v. McMurphy,* 111 Kan. 654, 208 Pac. 642 (damages for corporate mismanagement); *Nicholson v. Fawley,* 112 Kan. 124, 210 Pac. 482 (specific performance); *Beck v. Good,* 147 Kan. 578, 77 P. 2d 968 (claimed escheated estate). See, also, cases cited in the above opinions. In the early case of *Swartzell et al. v. Rogers,* 3 Kan. 380, it was held that attorney's fees were not chargeable as costs and expenses in a partition suit. Thereafter the statute was amended to provide for

their payment. Compare General Laws 1862, ch. 162, § 16 and G. S. 1868, ch. 80, § 628, the latter now appearing as G. S. 1935, 60-2113. In *Prest v. Black*, 63 Kan. 682, 66 Pac. 1017, and in *Warner v. Warner*, 83 Kan. 548, 112 Pac. 97, it was held that the fee allowed a guardian *ad litem* was not costs. These cases were decided prior to the enactment of Laws 1911, ch. 228, § 1 (now appearing as G. S. 1935, 60-408), which provided that such fees may be taxed and collected as costs.

The action out of which the present matter arises was one for judgment under the provisions of the code of civil procedure pertaining to quo warranto. In a general way it may be said that such an action lies to determine the right to hold public office, or to determine whether a corporation is legally organized or is abusing its corporate privileges (G. S. 1935, 60-1602) and that when an action is brought by the attorney general to test corporate power the action shall be prosecuted in the name of the state, and where the action is brought by a person to contest a right of office it shall be prosecuted in the name, under the direction and at the expense of such person, and in such case he may claim and recover any damage he may have sustained (G. S. 1935, 60-1603). It is further provided that where the action is to contest right of office, judgment may be rendered for damages sustained (G. S. 1935, 60-1604) and also that where judgment is rendered in favor of a plaintiff he may, under conditions, maintain a separate action for damages (G. S. 1935, 60-1607). Insofar as actions contesting corporate rights are concerned, it is provided the court may give judgment of ouster and may dissolve the corporation (G. S. 1935, 60-1607) and that if judgment be rendered against a corporation, the court may cause the costs to be collected from the corporation (G. S. 1935, 60-1608). There is no provision in article 16 of the code of civil procedure for any other judgment against a corporation, or providing that expenses of carrying on litigation or for attorney's fees may be allowed and charged as costs. Under the provisions of article 37 of the code of civil procedure dealing with costs, it is provided that in actions for the recovery of money only or of specific real or personal property, costs shall follow the judgment and in other cases the court may award and tax costs and apportion the same as in its judgment is right and equitable (G. S. 1935, 60-3704, 60-3705, 60-3706). However, there is no provision in this article that expenses of litigation or of attorney's fees may be taxed as costs.

We take note of authorities cited by the plaintiff in support of its motion. We may cast aside and not discuss various actions for a writ of mandamus for the reason that the code specifically provides that in such an action if plaintiff have judgment he shall recover his damages to be ascertained as provided. (See G. S. 1935, 60-1710.) Whether attorney's fees and expenses of litigation constitute damages is not here decided.

Plaintiff also relies on *Jansky v. Baldwin*, 120 Kan. 728, 244 Pac. 1936, an action in quo warranto. The action was one between individuals to contest a right of office and as shown above was subject to other and different provisions for damages than exist in the instant case. It need not be noticed further. Two other cases are relied on. The first is *The State v. Brewing Association*, 76 Kan. 184, 90 Pac. 777, and was a quo warranto proceedings to determine the right of a corporation to transact business, wherein it was held that the right could be determined and a receiver appointed to close up the business, pay the creditors and the costs of liquidation. The question of expenses of litigation, as distinguished from costs, or of attorney's fees for plaintiff, was not discussed. The receivers were directed to report their conduct to the court. The opinion concludes: "Applications for allowances and expenses will be determined upon notice to the defendant." (l. c. 197.) The records of this court do not show that any allowance was made to the state for any expenses of litigation or for attorney's fees.

The second case is *State, ex rel., v. Oil and Gas Co.*, 105 Kan. 340, 182 Pac. 547, and was also in quo warranto. Insofar as the opinion discloses there was no controversy concerning, nor any discussion of the right of the plaintiff to recover either expenses of litigation or of attorney's fees. Plaintiff here places reliance on the concluding sentence of the opinion, that—"The costs of the case, including the fees of the commissioner and attorneys, will be adjudged against the defendant." (l. c. 343.) Although not disclosed in the opinion, the records of this court show that a receiver was appointed and continued in charge of defendant's business for a time and that at the termination of the receivership, fees were allowed the receiver and his attorney. Fees were also allowed the commissioner who heard the proceedings in quo warranto, but no fees or expenses of litigation were allowed the state or its attorneys.

It thus appears that the force and effect plaintiff seeks to put upon the quotations from the last two cases above mentioned is not borne out by what occurred.

After full consideration of the entire matter we conclude that the application is within the rule that in the absence of specific statutory authority the successful party in an action may not recover from his adversary his attorney's fees and expenses of litigation, and there being no such authortiy the plaintiff's motion must be denied. It is so ordered.

PARKER, J., not participating.