No. 37,270

LORAIN R. HOUSER, *Appellant*, v. NORMA GARNELL HOUSER, *Appellee.*

(199 P. 2d 497)

Opinion filed
November 13, 1948.

*Walter E. Hembrow,* of Council Grove, argued the cause, and *Wilbur G. Leonard,* of Council Grove, was with him on the briefs for the appellant.

*Marlin Brown,* of Council Grove, argued the cause, and *Constance L. Brown,* of Council Grove, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The sole issue in this case is whether the district court had jurisdiction in a child custody case at the time and under circumstances to be narrated.

We have a related case, this day decided, *In re Houser* (No. 37,271) 166 Kan. 48, 199 P. 2d 499, involving the custody of the same child in which the procedural steps and orders of the juvenile court are challenged. That case involves an appeal to the district court from the rulings of the juvenile court. In the instant case no complaint is made concerning any procedural steps in the juve-

nile court and no appeal was taken from an order or judgment of the juvenile court.

In view of the restricted issue presented in this particular case only a few salient facts need be stated. In March, 1946, this appellant, Lorain R. Houser, filed an action in the district court of Morris county for a divorce from his wife, Norma Garnell Houser, now Norma Garnell Kanode. In the divorce case it was stipulated the mother should have the care and custody of the two minor children. The judgment gave her such care and custody until further order of the court.

In October, 1946, the father filed a petition in the juvenile court of Morris county alleging that Grady Houser, the minor son, approximately one year of age, was a dependent and neglected child and prayed that it be so declared; that the child be made a ward of the juvenile court and that a hearing be had relative to the fitness of the mother to have the care and custody of the child. Pursuant to the father's petition a hearing was had and the case was taken under advisement. Thereafter, and on October 23, 1946, the child was declared to be dependent and neglected and was made a ward of the juvenile court for a period of six months unless the order of that court was further modified or amended. On the same date the juvenile court ordered the welfare director of Morris county to find a suitable home for the child for the period of time that the child should be a ward of the court. On the same date that court appointed J. Donald Coffin, a practicing attorney of Morris county, the guardian *ad litem* for the child.

Six months after the original order of the juvenile court and on April 23, 1947, the juvenile court extended its original order for another six months and directed that the custody of the child should remain in the director of the Morris county welfare department for such period. At some later time, the exact date not being indicated, the juvenile court modified its decree of April 23, 1947. It found the conditions in the home of the mother had improved to the extent that the welfare and interest of the child might best be served by returning the child to the care and keeping of its mother. It ordered such transfer and custody to the mother to become effective October 31, 1947, and that such order remain in effect for a period of two years unless it was revoked or modified by the juvenile court. It further ordered that the child remain a ward of the juvenile court during its minority or until discharged by order of the court.

Thereafter, the date not being indicated, the father filed a motion in the district court of Morris county in which he sought to obtain the care and custody of the child on the alleged grounds that from the time the district court had originally awarded the custody of the child to the mother the conduct of the mother had not been conducive to the best interests of the child; that she had not exercised the actual care, custody and control of the child and that she was not a fit and proper person to have such care and custody. The district court decided the child had become and was a ward of the juvenile court and the district court was without jurisdiction to modify its original divorce decree as to the custody of the child. From that ruling the father has appealed to this court.

Appellant relies in part on cases from foreign jurisdictions. The question presented has received our previous attention under our own statutes and we shall turn at once to those decisions.

In the recent case of *Trent v. Bellamy,* 164 Kan. 438, 190 P. 2d 400, we held:

"The jurisdiction of a district court, in a divorce action, over the custody of minor children of the parties, is a continuing one.

"Where a juvenile court properly finds, upon substantial 'and sufficient evidence, that a child is dependent, neglected or delinquent within the meaning of section 38-402, G. S. 1935, of the juvenile court act, it acquires jurisdiction, within the limits of the act, over the custody of such child, and such acquisition of jurisdiction thereby precludes the district court from such jurisdiction as it might otherwise exercise over the custody of such child in a divorce action." (Syl. ¶¶ 1, 2.)

In the Trent case decisions of this and other jurisdictions were reviewed. We need not repeat at length what was there said on the precise question now before us. A reconsideration of the question convinces us it was correctly decided. See, also, specific grant of jurisdiction to juvenile court over dependent, neglected and delinquent children (G. S. 1935, 38-401, 38-402) and power to place such children where their best interests require (G. S. 1935, 38-406, 38-408, 38-410, G. S. 1947 Supp. 38-407.) The juvenile court now has exclusive, original jurisdiction to determine whether a child is "dependent" or "delinquent" as those terms are defined by the applicable statute. (*Wilcox v. Fisher,* 163 Kan. 74, 180 P. 2d 283.) Appellant contends the case of *Foundling Hospital v. Harrington,* 113 Kan. 521, 215 Pac. 303, is contrary to the decision in the Trent case, *supra,* and was not considered in the Trent case. The Harrington case was an original habeas corpus case in the supreme court and was decided

in part on the superintending control of the supreme court over inferior courts which this court is authorized to exert in cases in which we have original jurisdicton. (p. 524.)

There is another reason the judgment of the district court in the instant case was correct. Appellant invoked the jurisdiction of the juvenile court for the express purpose of having that court declare the child to be dependent and neglected. Having expressly invoked the jurisdiction of that court for that specific purpose appellant will not be permitted in this manner to abandon and repudiate its jurisdiction and to invoke the jurisdiction of the district court for the purpose of circumventing an order or judgment of the juvenile court. His remedy in such a situation was by appeal in conformity with statutory procedure. (G. S. 1935, 38-412, *Walker v. McNutt,* 165 Kan. 533, 196 P. 2d 163.)

The judgment of the district court is affirmed.