No. 37,271

In the Matter of Grady Houser, a dependent and neglected child under the age of sixteen years. (NORMA GARNELL HOUSER KANODE, *Appellee,* v. LORAIN R. HOUSER, *Appellant.*)

(199 P. 2d 499)

Opinion filed November 13, 1948.

*Walter E. Hembrow,* of Council Grove, argued the cause, and was on the briefs for the appellant.

*Marlin Brown,* of Council Grove, argued the cause, and *Constance L. Brown,* of Council Grove, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This case involves an appeal from the juvenile court to the district court in a dependent and neglected child case and raises primarily the question whether the orders of the juvenile court were void or merely voidable.

Most of the salient facts have been stated in a related case pertaining to the same child, decided this day, *Houser v. Houser*, No. 37,270, 166 Kan. 45, 199 P. 2d 497. Those facts are incorporated herein and are made a part of this opinion. The important additional procedural step in the instant case is a motion filed by the father, appellant, in which he sought to have the juvenile court dismiss or set aside all proceedings in the juvenile court subsequent to the filing of his petition to have the child declared a delinquent and neglected child. The grounds of that motion, in substance, were: (1) The proceedings were void for the reason the court failed to appoint a guardian *ad litem* for the child, as required by G. S. 1947 Supp. 38-405a; (2) all orders and modifications of the original order pertaining to the custody of the child were void for the reason they were made without request by or notice to anyone and the court was without power to make or modify any former order on its own initiative; (3) all modifications of orders of custody were void in that no notice of hearings therefor were given in compliance with G. S. 1935, 38-410; (4) all orders made were void as they were not final orders, as required by G. S. 1935, 38-405; and (5) all orders made were void by reason of abuse of judicial discretion.

This motion was overruled by the juvenile court on December 5, 1947. Appellant also filed a motion requesting the juvenile court to stay all further proceedings in that court on the ground he had filed a motion in the district court to modify the latter court's order under which the mother was awarded custody of the child in the divorce action. On October 31, 1947, the mother consented to the requested stay order. The stay order was entered to be effective until the district court passed on appellant's motion. On December 10, 1947, the father appealed to the district court from the order of the juvenile court overruling his motion to dismiss all proceedings in the juvenile court subsequent to the filing of his petition in that court. The district court sustained the ruling of the juvenile court and from that ruling the father has appealed to this court.

We shall treat the grounds of appellant's motion in reverse order.

Assuming the juvenile court had jurisdiction, there is no basis for contending the juvenile court did not have competent evidence on which to make its orders and the fifth ground of the motion cannot be sustained.

The fourth ground of the motion is not good. The third ground should not be sustained. It is, of course, always a much better practice for a juvenile court to give notice of a hearing involving a change of custody but G. S. 1935, 38-410, relied on by appellant, does not make such notice mandatory.

Touching ground No. 2 we find nothing in the juvenile code which prevents the juvenile court from acting for the best interest of the ward on its own initiative, after a child has been made a ward of that court, when facts are properly brought to its attention requiring such action. In any event, however, in this particular case all necessary and proper parties were in court when the original order for custody of the child was made and they knew the order was made effective only for a definite stated period. It was at the end of that period that the court modified its former order.

This brings us to ground No. 1 which we regard as the principal point in the motion. In the original juvenile court proceeding which appellant instituted for the purpose of having the child declared dependent and neglected summons was issued and served on the child and its mother, who at the time was the legally appointed custodian of the child by virtue of the former decree of the district court in the divorce action. The child, father, mother, maternal grandparents and Mr. and Mrs. Leigh, in whose custody the child was placed by the welfare director of Morris county, were all present at the hearing on October 12, 1946. The decision was taken under advisement until October 23, 1946, when it was announced and filed.

No guardian *ad litem* had been appointed prior to the hearing on October 12 to represent the child. The guardian was appointed on October 23 when the court rendered its decision declaring the child to be dependent and neglected. G. S. 1947 Supp. 38-405a provides:

"In all proceedings in a hearing in the juvenile court concerning a dependent, neglected or delinquent child, as defined by law, the court shall appoint a guardian *ad litem* to represent said child."

Appellee states the guardian did, however, approve the journal entry of judgment on October 23. Such approval, following the belated appointment did not, in our opinion, comply with the intent and purpose of the statute. Its purpose was to guarantee the child

full protection in the course of the entire proceeding. In other words, the child was to be fully represented by a guardian *ad litem* "In all proceedings in a hearing. . . ." Failure to appoint the guardian in order that he might fully represent the child in the hearing rendered the hearing and all orders a nullity for the reason that without such appointment the court lacked jurisdiction of the necessary parties. (*Steinkirchner v. Linscheid,* 164 Kan. 179, 185, 188 P. 2d 960, and cases therein cited.) The proceedings being void the orders of the juvenile court may be attacked and set aside even though no appeal was taken within ten days after the original order of October 23, as required by G. S. 1935, 38-412.

The result is all orders made subsequent to the filing of appellant's original petition in the juvenile court are a nullity and the cause is remanded with directions to have the juvenile court proceed on the petition of the father after a guardian *ad litem* had been appointed.

The judgment of the district court is reversed.

WEDELL, J. (concurring): In *Steinkirchner v. Linscheid,* 164 Kan. 179, 188 P. 2d 960, the failure to appoint a guardian *ad litem* was held, by a divided court, to render the proceeding void. That case involved a statute which unlike the instant one did not make it mandatory to appoint a guardian. That decision has become the law and those of us who dissented are now bound by it. Any contrary comment involving the present statute would, therefore, serve no useful purpose.

HOCH, J., joins in the foregoing concurring opinion.