No. 37,560

In the Matter of PATRICIA POWELL, a dependent and neglected child. (GRACE B. MURROW, *Appellant*, v. PAUL M. POWELL, *Appellant*; ALLETTA POWELL, and RICHARD A. CARPENTER, Guardian *ad litem*, *Appellees*).

(205 P. 2d 1193)

Opinion filed May 7, 1949.

*Chester Stevens* and *Ross E. Borders,* both of Independence, argued the cause, and *Mark L. Bennett,* of Topeka, was with them on the briefs for the appellants.

*Jay W. Scovel,* of Independence, argued the cause, and was on the briefs for appellee Alletta Powell.

*Richard A. Carpenter,* of Pittsburg, argued the cause, and was on the briefs as guardian *ad litem.*

The opinion of the court was delivered by

WEDELL, J.: The primary question involved in this case is whether an appeal lies to the district court from the judgment of the juvenile court that a child under the age of sixteen years was not dependent and neglected.

Parties to the juvenile court proceedings were Grace B. Murrow, who filed the petition to have the child declared dependent and neglected, Paul M. Powell and Alletta Powell, father and mother of the child, and Richard A. Carpenter, the guardian *ad litem* for the child, appointed by the juvenile court for the purpose of the hearing.

The petitioner and father appealed to the district court from the judgment previously mentioned. The latter court sustained motions of the other two parties, the mother and the guardian *ad litem,* to dismiss the appeal on the ground an appeal did not lie from the judgment.

In view of the narrow limits of the appeal it is unnecessary to state the facts upon which the juvenile court reached its conclusion. However, in view of some contentions of appellants a few facts will be stated.

The child previously had been placed in the care, custody and

control of the mother at the conclusion of a divorce action in the district court of Shawnee county. That order of custody has not been changed. Only the order relative to the amount of support for the child has been modified by that district court. It is conceded the father is complying fully with that order. By reason of circumstances pleaded and disclosed by the evidence, which are not involved in the sole issue presented by the instant appeal, the child resided in the home of a friend of the mother in Cherryvale, Kan. That person is being paid for her services. Upon a consideration of all the facts presented the juvenile court concluded the child was not dependent and neglected.

The pertinent portion of the juvenile code statute pertaining to appeals from that court to the district court is found in G. S. 1935, 38-412 and reads:

"An appeal shall be allowed to the district court by any child *from the final order of commitment* made by the juvenile court, and may be demanded on the part of the child by its parent, guardian, or custodian, or by any relation of such child within the third degree of kinship." (Our italics.)

Appellants argue the statute permits an appeal on the part of the child by its parent and that the father, therefore, had a right of appeal. The statute does permit an appeal by the father, but from what? From a final order of commitment. There was no final order of commitment of the child in this case. The child previously had been committed to the care, custody and control of the mother by the district court of Shawnee county in the divorce action. The juvenile court did not disturb that custody order in any manner. In fact, it made no order concerning the commitment of the child to any one. It merely concluded the child was not dependent and neglected. No order was, therefore, made from which the statute pertaining to the specific matter now under consideration grants a right of appeal.

An appeal does not lie as a matter of right. The right is statutory. It may be limited to a particular class of cases as the legislature in its wisdom directs or it may be entirely withdrawn. This subject was rather recently considered in *Evans v. George,* 162 Kan. 614, 178 P. 2d 687, and in *City of Hutchinson v. Wagoner,* 163 Kan. 735, 186 P. 2d 243. Many of our previous cases were there reviewed. We do not deem it necessary to restate the facts in those various cases. In the Hutchinson case it was held:

"District courts have such jurisdiction in their respective districts as is provided by law. (Constitution, art. 3, § 6.)

"The right to an appeal is neither a vested nor a constitutional right. It is purely statutory, and may be limited by the legislature to any class of cases or in any manner, or may be entirely withdrawn.

"It is the province of the legislature to determine the orders or judgments from which an appeal will lie and to designate the court to which such appeal shall be taken." (Syl. ¶¶ 1, 2, 3.)

Appellants argue a statute granting the right of appeal should be liberally construed, citing *In re Estate of Charles,* 158 Kan. 460, 465, 148 P. 2d 765; 2 Am. Jur., Appeal and Error, § 7. The citations do not reach the precise point here involved. In order for these authorities to be applicable they must pertain to an order which the statute makes appealable.

Appellants also argue when the petition was filed the child became a ward of the juvenile court subject to an order of custody after the hearing; the ruling of the court in effect recommitted the child to its previous custody, the mother; this was a final order of commitment.

The fallacy in the first part of that contention is the juvenile court did not acquire jurisdiction over the *subject of custody* at all until it determined upon substantial evidence that the child *was dependent and neglected,* within the definition of section 38-402 of the act. (*Trent v. Bellamy,* 164 Kan. 438, 190 P. 2d 400; *Houser v. Houser,* 166 Kan. 45, 47, 199 P. 2d 497.) With this in view the remaining parts of the contention fall. Moreover the order of the juvenile court cannot properly be interpreted to constitute an order of custody.

Appellants also lean on *Hollis v. Brownell,* 129 Kan. 818, 284 Pac. 388; *In re Houser,* 166 Kan. 48, 199 P. 2d 499. In the Hollis case the juvenile court, contrary to the instant case, found the child to be dependent and neglected and actually awarded its custody to its grandfather. No issue on the right of appeal was involved in the Houser case and what was there said concerning appeals pertains only to a right of appeal in conformity with statutory procedure.

Appellants further argue an appeal properly should lie from a ruling that a child is not dependent and neglected. There may be merit in the contention but as shown in the cases cited that is a contention which must be addressed to the legislature rather than to the courts.

One other question requires attention. The guardian *ad litem* seeks an allowance for his expenses and services in this court in connection with the instant appeal. The request is resisted by appellants. The latter rely upon *Prest v. Black,* 63 Kan. 682, 66 Pac.

1017; *Warner v. Warner*, 83 Kan. 548, 112 Pac. 97; *State, ex rel., v. Sage Stores Co.*, 158 Kan. 146, 145 P. 2d 830. In the last cited case attorneys' fees and expenses incurred in a previous ouster action were sought. No guardian *ad litem* was involved. We reviewed numerous cases and held:

"Attorney's fees and expenses of litigation, other than ordinary court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific provision therefor." (Syl.)

With that general ruling in mind we shall proceed to determine whether an allowance for expenses incurred and services rendered by the guardian *ad litem* in the supreme court may be made where such guardian is appointed by the juvenile court. The Prest and Warner cases, *supra*, were civil cases decided prior to the 1911 revision of the code of civil procedure. (Laws 1911, ch. 228, § 1, now G. S. 1935, 60-408.) That statute now provides for the appointment of a guardian *ad litem* under circumstances therein designated and states:

"Such guardian *ad litem* shall receive such reasonable compensation as the court or judge before whom the action is pending, or tried, may order, the same to be taxed and collected as costs in the action."

Following the above amendment attorney's fees for a guardian *ad litem*, appointed in the district court, were allowed for services in the supreme court (*Emery v. Emery*, 104 Kan. 679, 683, 180 Pac. 451) and in *Galloway v. Wesley*, 146 Kan. 937, 941-947, 73 P. 2d 1073 we made an allowance to such guardians for expenses incurred in the course of their representation, for legal services previously rendered and for services on appeal in this court.

But what about the allowance of expenses and attorney's fees of a guardian *ad litem* appointed by the juvenile court? First, it will be well to observe the necessity for such services. G. S. 1947 Supp. 38-405a provides:

"In all proceedings in a hearing in the juvenile court concerning a dependent, neglected or delinquent child, as defined by law, the court shall appoint a guardian *ad litem* to represent said child."

In a recent case we held:

"G. S. 1947 Supp. 38-405a requires that a guardian *ad litem* be appointed to represent a child in all proceedings in a hearing in juvenile court concerning a dependent, neglected or delinquent child.

"Appointment of a guardian *ad litem* at the time judgment is rendered and not in time to participate in a hearing to determine whether a child is de-

pendent or neglected does not comply with the purpose and intent of the statute.

"Failure to appoint a guardian *ad litem* in accordance with the provisions of G. S. 1947 Supp. 38-405a renders all proceedings and orders made after the hearing not merely voidable but void." (*In re Houser,* 166 Kan. 48, syl. ¶¶ 1, 2, 3.)

Another pertinent provision of the juvenile code pertaining to a dependent, neglected or delinquent child, contained in G. S. 1935, 38-405, reads:

"On the return of the summons or other process, or as soon thereafter as may be, the court shall proceed to hear and dispose of the case in a summary manner and enter final judgment therein; *and the costs of all proceedings under this act* may, in the discretion of the court, be adjudged against the person or persons so summoned, appearing, or arrested, as the case may be, *and collected as provided by law in civil cases.*" (Our italics.)

Upon appeal from the juvenile court the district court tries the case *de novo*. It has the same jurisdiction in the premises, but no greater, than the juvenile court had. (*Trent v. Bellamy,* 164 Kan. 438, 446, 190 P. 2d 400, and cases therein cited.)

The civil code in G. S. 1935, 60-3704, 60-3705 provides for taxing of costs to parties plaintiff or defendant under circumstances not here applicable. G. S. 1935, 60-3706, however, provides:

"In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

Under the provisions of G. S. 1935, 60-408, previously set forth, the court in civil cases is expressly authorized to fix such reasonable compensation for a guardian *ad litem* as the court before whom the action is pending, or tried, may order, the same to be taxed and collected as costs in the action. We think from these various statutes it clearly appears courts are authorized to compensate a guardian *ad litem* appointed by a juvenile court for expenses reasonably incurred and for legal services rendered in the performance of his statutory duty.

Of course, such allowance should be reasonable under the circumstances of each particular case. In the instant case the issue whether there existed a right of appeal to the district court from the particular judgment of the juvenile court is the same whether presented by the mother of the child or by its guardian *ad litem*. The attorney for the mother and the guardian *ad litem* have filed a joint brief in this court. Under all the circumstances we think we

would not be justified in making an allowance to the guardian *ad litem* in excess of $100. It is the order of this court that an allowance be made to the guardian *ad litem* in the sum of $100 which shall cover his services in this court and his personal expenses incident to his appearance here on appeal. The allowance is taxed against the appellant, the father of the child, as costs in the action. In this connection see *Emery v. Emery,* supra, p. 683.

The judgment of the district court dismissing the appeal from the juvenile court is affirmed.