# CASES

# THE SUPREME COURT

OF THE

## STATE OF KANSAS,

DURING THE TERM COMMENCING JANUARY, 1866.

---

CATHERINE SWARTZEL *et al.* v. SALLY ROGERS.

*Error from Wyandotte County.*

The word "costs" includes those charges fixed by law or rule of court which the record shows have been necessarily incurred in the prosecution of an action or proceeding.

The word "expenses" used in section 16 of the act of Feb. 3, 1860, "to provide for the partition of real estate," (Comp. L., 740,) includes those charges incurred in the proceeding to obtain partition, which are not included in the word "costs," (also therein used,) and includes charges of officers and persons, whose services are required, but whose fees therefor are not fixed by law—as in this state, of the sheriff—the "freeholders" appointed to aid in making the partition, and the surveyor, for whose respective services therein no fees have been by law specifically established. *Semble*, it is not in the spirit of our laws in taxing costs to include attorneys' fees, and *held* that they are not included in the term "costs and expenses," used in said section.

Judgment below, including attorneys' fees in taxation of costs, reversed.

The opinion of the court contains a full statement of the facts.

*Jesse Cooper* for plaintiff in error.

*Wilson Shannon* and *W. C. McDowell* for defendant in error.

Swartzel and others v. Rogers.

*By the Court,* BAILEY, J.

On the 26th day of July, A. D. 1864, the defendant in error, Sally Rodgers, brought an action in the District Court of Wyandotte county, under the act of February 3d, 1860, "to provide for the partition of real estate," (Comp. L., 740,) claiming in her petition an undivided one-half of a tract of thirteen hundred and three and 48-100 acres of land in one body, situate in that county, alleging that the plaintiffs in error were tenants in common with her, thereof. Service of the notice required by law was by plaintiffs in error waived, who appeared and answered, denying the petition and claiming to be sole owners in fee of the entire tract, and to the second count of which answer the defendant in error replied, denying generally its allegations. The case was at the October term, A. D. 1864, continued by and at the cost of plaintiffs in error, and the issue joined, was tried with consent of parties by the court at the April term, A. D. 1865, and judgment rendered for defendant in error, ordering a partition of the premises and awarding to the defendant in error one half thereof. A motion for a new trial was made and the order of the court below overruling the same, reviewed by this court at a previous term hereto, and sustained. Pursuant to a mandate of the Supreme Court a writ of partition was by the court below issued to the sheriff of Wyandotte county, who thereunder made partition of the real estate in conformity to the judgment, and his proceedings were confirmed by the District Court at the October term, 1865, at which time the court ordered that the costs of the action including a counsel fee of seven hundred and fifty dollars to the attorneys of defendant in error and forty dollars to the commissioners and sheriff respectively be paid, one half by defendant in error and one half by the plaintiffs in error, in default of which that execution should issue. The record shows that the attorneys for plaintiffs in error declined to ask a taxation of costs in their behalf. To this

order the plaintiffs in error excepted and bring the case here on that exception.

The only question presented by the record for the consideration of this court, is, whether the court below erred in taxing the attorneys' fee of seven hundred and fifty dollars as a part of the costs and expenses in the cause, and awarding execution therefor.

The sixteenth section of the act referred to (Comp. L., 744,) provides that the court "before whom any partition shall be made, shall tax the *costs and expenses* which may accrue in the cause, according to equity, having regard to the interest of the parties and the benefit each may derive from such partition, and shall issue execution therefor against each party," &c. This section is precisely like the sixteenth section of an act bearing the same title, and similar in its provisions, in Ohio. (1 *Rev. Stat.*, 899.) The principal difficulty in this case seems to grow out of the interpretation of the words "costs and expenses," contained in this section.

As to what is included in the term "costs," it cannot be difficult to determine. The word includes those charges fixed by the law or rule of court which the record shows have been necessarily incurred in the prosecution of an action or proceeding. Among these charges under our law may be included the fees of the clerk and of other officers and persons, whose services are required and fees fixed by law.

The word "expenses" used in this section, undoubtedly includes those charges incurred in the proceeding to obtain partition, which are not included in the word *costs*. That includes the charges of officers and persons whose services are required, and whose fees therefor are not fixed by law. In Ohio the charges allowed to the sheriff, the freeholders or commissioners, and the surveyor and his assistants employed in making partition, are fixed by law, (1 Rev. L., 639-40,) and would therefore be included in the term *costs*.

There would be some grounds in such a state of law for deciding that the term "expenses" included an allowance for services of others as the attorneys of the parties respectively employed in making the partition    But in this state no law has been passed specially fixing the fees either of the sheriff, the freeholders or the surveyor, for performing the services required of them in making partitions of real estate.   It does not seem to be in the spirit of our laws relating to fees and the taxation of costs to include attorneys' fees as a part of the taxable costs in a case, and we are of opinion that by the term "costs and expenses" and in the section referred to, it was not the intention of the legislature to include the compensation due from the parties respectively to their attorneys or any part thereof.   In this construction we are supported by the approved rules of construction, and by the practice in actions at law, where that matter is conclusively settled by statutory enactment, while the opposite theory involves the unreasonable and unjust proposition that the liability of the defendants for the counsel fees of the plaintiff shall be larger in consequence of the doubtfulness of the plaintiff's right of recovery, or in other words the more doubtful the plaintiff's right of recovery the greater shall be the defendant's liability to plaintiff's counsel for costs.   Such is not the policy of the law, and the judgment in this case must be reversed.

All the justices concurring.