## PUBLIC OFFICERS—FEES.

[Cuyahoga Circuit Court, December 14, 1900.]

STATE EX REL. VAIL V. WM. E. CRAIG, AUDITOR.

Caldwell, Hale and Marvin, JJ.

**1. PAYMENT OF ASSISTANT TO DEPUTY SUPERVISORS OF ELECTIONS.**

In an action to enjoin payment of compensation to a person acting as assistant to the board of deputy state supervisors of elections, in which it does not appear what services such assistant performed, an answer averring that such person was acting "as assistant to said board and that his compensation * * * is one of the necessary expenses in the performance of the duties of said board," is sufficient to bring such expenditure within sec. 2966-4, Rev. Stat., providing, after specific provisions, for "all proper, necessary expenses in the performance of the duties of such supervisors."

**2. COMPENSATION SHOULD BE ALLOWED BY COMMISSIONERS.**

Compensation to an assistant to the board of state supervisors of elections, authorized under sec. 2966-4, Rev. Stat., providing, in addition to specific provisions, for "all proper necessary expenses," is within sec. 894, Rev. Stat., requiring, where the amount is not fixed by law, allowance by the county commissioners.

APPEAL.

*Samuel Doerfler*, for plaintiff.

*P. H. Kaiser* and *F. L. Taft*, for defendant.

MARVIN, J.

This is an appeal from the court of common pleas. The action is brought under favor of sec. 1278, Rev. Stat., providing that a taxpayer may, when the proper officer has been requested in writing to bring the action and has refused to do so, himself bring an action in the name of the state to restrain the misapplication of public funds.

The petition shows that the plaintiff is a taxpayer of Cuyahoga county; that the defendant is auditor of such county and that unless

restrained by the order of this court, he will issue his warrant upon the county treasurer for the payment of one H. A. Beckerman, as compensation for services as assistant to the board of deputy state supervisors of elections of such county. The prayer is for an injunction to prevent the issuing of such warrant.

To this petition the defendant answers, admitting that unless restrained by order of the court, he will issue his warrant upon the treasurer of the county for the payment stated in the petition.

The answer further sets out that the said Beckerman is acting as an assistant to said board, and that his compensation of $25.00 per month is one of the necessary expenses in the performance of the duties of said board, and that said board has found such payment to be a necessary expense in the performance of its duties.

To this answer the relator files a general demurrer. One of the questions raised by this demurrer is, whether under sec. 2966–4, Rev. Stat., the compensation for a necessary assistant to the board of supervisors may be allowed and paid under this clause of the section :

" The compensation above provided for, and all proper necessary expenses in the performance of the duties of such deputy supervisors, shall be defrayed out of the county treasury as other county expenses, and the county commissioners shall make the necessary levy to meet the same."

" The compensation above provided for," as used in the foregoing clause, refers to the compensation of the deputy supervisors and their clerk. So that, if the payment sought to be restrained in this action can be made at all, it is by reason of the words, " and all proper necessary expenses."

As has already been said, the answer avers that the compensation to be paid to Beckerman is for proper necessary services rendered by said Beckerman to them, and that such board has found and determined the same to be necessary.

It is urged on behalf of the plaintiff that the word " expenses " as used in this section does not include any compensation to be paid to any person for services rendered.

The second definition of this word as found in Webster's Dictionary is : " That which is expended, laid out, or consumed ; cost, outlay, charge, as the expenses of a war."

It cannot be doubted that included in the expenses of war would be compensation to the men in the prosecution of such war.

In the case of Matthews Manufacturing Co. v. Trenton Lamp Company, 73 Fed. Rep. 212, 215, where a construction is given to sec 4929, U. S. Rev. Stat.; which section authorizes the issuance of a patent to any person who, by his own industry, genius, efforts and expenses, has invented, the court uses this language : " No authority can be found to compel the limitation of the word ' expense ' in the construction of this statute to the ' expenditure of money.' It may, indeed, be defined as a disbursement of money, but it is as well the employment and consumption of time and labor."

In Swartzell v. Rogers, 3 Kan., 382, which required the construction of a statute for the partition of lands, in which it was provided that: " The court before whom any partition should be made, should tax the costs and expenses which might accrue, according to equity."

In passing upon this the court uses this language : " The word ' expense,' used in this section, undoubtedly includes those charges

State v. Craig.

incurred in the proceedings to obtain partition, which are not included in the word costs. * * * In Ohio the charges allowed to the sheriff, the freeholders or commissioners, and the surveyor and his assistants employed in making partition, are fixed by law, and would therefore be included in the term 'costs.' There would be some grounds in such a state of law for deciding that the term 'expenses,' included all allowance for services of others as the attorneys of the parties respectively employed in making the partition."

It has always been held that the statute providing for treating the expenses of the last sickness of a decedent includes the payment for professional attendance of a physician and for nurses. There is nothing in the pleadings in this case to show what services Beckerman performed for this board; for all that appears he may have been a janitor, a messenger or an assistant to the clerk, the employment of either of which may be necessary for a proper discharge of the duties of these officers, and such compensation may as well be included in the word " expenses," as may lights, fuel and the like.

It follows from what has already been said that unless for some other reason this answer is bad, the demurrer should be overruled.

But there is another ground about which little was said in the argument, which requires consideration, and that is a construction of sec. 894, Rev. Stat., which reads in part:

"No claims against the county shall be paid otherwise than upon the allowance of the county commissioners upon the warrant of the county auditor, except in those cases in which the amount due is fixed by law or is authorized to be fixed by some other person or tribunal, in which cases the same shall be paid upon the warrant of the county auditor upon the proper certificate of the person or tribunal allowing the same."

There is no claim here that the amount to be paid to Beckerman is fixed by law. Nor is there any allegation that the same has been allowed by the county commissioners, neither is there any law which authorizes any person or tribunal to fix the amount of such compensation.

We hold, therefore, that without the allegation that the amount to be paid has been allowed by the county commissioners the answer in this case is bad, and for this reason and this reason alone, the demurrer is sustained.