No. 24,899.

J. S. Graham, *Appellee*, v. The Wichita Terminal Elevator
Company, *Appellant*.

SYLLABUS BY THE COURT.

1. Compensation Act—*Written Contract for Attorney's Fees—Approval by
the Court—How Lien May Be Perfected.* Under section 22 of chapter 226
of the Laws of 1917, relating to attorneys' liens in compensation cases, it is
not essential that the attorney's written contract for fees be approved be-
fore lien may attach. Lien may be perfected under the general statute re-
lating to attorneys' liens, and when perfected the lien will attach for what-
ever sum the court finally approves.

2. Same—*Compensation Settled by Workman Without Knowledge of Attorney
—Attorney Fee Allowed Under Contract.* A workman may settle compen-
sation by agreement with his employer, without the knowledge or consent
of his attorney. If the settlement be free from collusion against the attor-
ney, the attorney's lien, perfected previous to the settlement, under a writ-
ten contract approved subsequent to the settlement, will extend to his con-
tract percentage of the sum paid the workman.

Appeal from Sedgwick district court, division No. 3; Jesse D. Wall, judge.
Opinion filed January 12, 1924. Modified and affirmed.

*S. B. Amidon, S. A. Buckland, H. W. Hart,* and *Glenn Porter,* all of
Wichita, for the appellant.

*John W. Adams,* and *William J. Wertz,* both of Wichita, for the appellee.

The opinion of the court was delivered by

Burch, J.: This appeal involves the subject of liens for attorney
fees in workmen's compensation cases.

Graham was injured in such a way that permanent partial dis-
ability resulted, entitling him to compensation in the sum of $2,544.
While he was receiving hospital treatment at the expense of his em-
ployer, and after he had received compensation for nine weeks at the
rate of fifteen dollars per week, he employed an attorney. The con-
tract of employment was in writing, and provided the attorney
should receive 33⅓ per cent of such sum as might be realized by
compromise, settlement, or judgment. On September 25, 1922, an
action for compensation was commenced, and notice of an attorney's
lien was served pursuant to the general statute relating to charging
liens of attorneys. On November 25, the workman settled with his
employer's insurance carrier, and was paid $400. The settlement

was concluded without notice to the attorney, who received none of the proceeds.

In January, 1923, the case was called for disposition. The court approved the contract between the attorney and the workman, and dismissed the workman's action. The attorney claimed the settlement was fraudulent, and a trial was had to ascertain the amount he should receive. The court returned the following findings of fact:

"Whereupon the court finds that the said John W. Adams and the said J. S. Graham had a written contract, providing for attorney fees in the sum of 33⅓ per cent of the amount to be recovered in the above entitled action, and also that an attorney's lien had been duly served upon the said defendant long prior to said settlement, in all respects as provided by law, and that the said alleged settlement had been made without the knowledge or consent of said John W. Adams, plaintiff's attorney."

The court, however, rendered judgment in favor of the attorney for $747, the full amount he would have received had no settlement been made and had the workman's action proceeded regularly to judgment.

The workmen's compensation act contains the following provision:

"No claim of any attorney at law for services rendered in or about securing any compensation or agreement, award or judgment for compensation shall be an enforceable lien thereon unless the services were rendered pursuant to and under the terms of a written contract between such attorney at law and the workman or the guardian of the workman, if the latter be a minor or incompetent, nor unless such written contract be approved in writing by the judge of the court where the action brought by the workman be tried, or, if no trial is had, then by the judge of the district court in the county where the workman resided at the time of the injury, to which judge the matter may be regularly submitted on due notice to the party or parties in interest of such submission." (Laws 1917, ch. 226, § 22.)

The defendant contends a claim for attorney fees does not become a lien until the court has approved the written contract for fees. The contention is based on the language of the statute, which it is argued takes up the subject of liens of attorneys in compensation cases and fully disposes of the subject in its own way, without reference or relation to any other statute. The meaning of "unless" is: "Upon any less condition than (the fact or thing stated in the sentence or clause which follows): . . ." (Webster's International Dictionary.) Unless the condition be met, there can be no lien. In case of a trial, the subject of attorney fees and lien is disposed of as an incident to the proceeding. If there be no trial, the judge of the

proper district court disposes of the subject in a special proceeding, after due notice to parties in interest.

It is argued further that the theory of the attorney's charging lien is equitable assignment to the attorney, to the amount of his fees, of the money due the client. (6 C. J. 766; *Epp v. Hinton*, 102 Kan. 435, 438, 170 Pac. 987.) The workmen's compensation act expressly forbids assignment of claim for compensation or of compensation agreed on, awarded, adjudged, or paid. (Laws 1917, ch. 226, § 5.) It would be contrary to the policy of this statute, framed to render ineffective all methods of assignment, to suffer lien to attach on service of notice at time of employment or later, subject merely to subsequent scrutiny by the court.

Finally, it is contended the workmen's compensation act contemplates compensation will be settled by agreement, and if not by agreement, by an unceremonious kind of arbitration. When framing the workmen's compensation act, the legislature mistakenly believed it was closing, to a large extent, an old field, instead of opening a new field of professional industry. The making of settlements and the adjustment of awards would be embarrassed if unapproved lien claims of attorneys for contingent fees had to be taken into account, and so the legislature deferred the accrual of an attorney's lien until action by the court or judge on the attorney's contract for fees.

The question is one of statutory interpretation. The statute recognized the fact that claims of attorneys for fees for services in procuring agreements, awards and judgments for compensation, would arise, and recognized the fact that such claims could become enforceable liens. The purpose of the statute was protection to workmen. That purpose was accomplished without impinging on the general law by requiring contracts for professional services to be in writing and to be approved by the court or judge. While this approval is a condition to lien, it is not a time condition. The method of perfecting a lien is still that prescribed by the general statute, and when perfected the lien will attach for whatever amount the court finally approves. After service of notice of lien, the employer must, at his peril, take into account the attorney's contract when settling with the injured workman and in paying awards and judgments.

While it is true that, in framing categories of the law, the charging lien of an attorney may be classified with equitable assignment, and

10—115 Kan.

the workmen's compensation act does not permit assignment of compensation, the fact remains that the same act does permit attorneys' liens.

Should he desire, a workman may always settle with his employer without the knowledge or consent of his attorney.

"Honest settlements by parties, made with no intention to take advantage of their attorneys, but for the simple purpose of ending the litigation, are praiseworthy and should be encouraged." (6 C. J. 788.)

This is particularly true in compensation cases, and a contract between attorney and client that the client may not settle without the attorney's consent, is void as against public policy. (*Railway Co. v. Service,* 77 Kan. 316, 94 Pac. 262.) If settlement be made, the lien attaches to the fund only.

"The measure of an attorney's recovery against the settling defendant is the attorney's contractural percentage of the compromise sum actually received by the litigant." (6 C. J. 790.)

When an employer, who has been served with notice of lien, undertakes to negotiate a settlement with his workman, he is entitled to inquire of the workman the terms of the attorney's unapproved written contract, in order that he may judge of its reasonableness. With knowledge of its terms, he may proceed to settle accordingly and, inasmuch as the attorney need not be consulted; the existence of the lien need not embarrass the parties in agreeing on compensation.

The attorney's written contract having been approved by the court, he is entitled to his percentage of the amount of the settlement. Had the settlement been collusive, the attorney would not be bound. Whether he would be entitled to one-third of so large a sum as $2,500 need not now be determined. The question of bad faith in the settlement was fully tried, and the court did not find collusion or fraud. It rested with a finding that the settlement was made without the attorney's knowledge or consent. The attorney was content with the finding. He made no request for an additional finding, and the subject of collusive settlement is out of the case. (*Shuler v. Lashhorn,* 67 Kan. 694, 74 Pac. 264; *Wilson v. Bank,* 77 Kan. 589, 591, 95 Pac. 404; *Gas Co. v. Fletcher,* 81 Kan. 76, 85, 105 Pac. 34; *Allen v. Allen,* 101 Kan. 622, 624, 168 Pac. 675; *Moon v. Moon,* 107 Kan. 466, 471, 192 Pac. 840; *Lasley v. Pendleton,* 109 Kan. 466, 472, 250 Pac. 274.)

The judgment of the district court is reduced to 33⅓ per cent of $400. As modified, the judgment is affirmed.