José Vázquez, Petitioner, *v.* Industrial Commission of Puerto Rico, Etc., Respondent, and Jacinto Caquías, Injured Workman.

No. 174. Argued November 6, 1939.—Decided November 30, 1939,

*Virgilio Brunet* and *Miguel A. Casiano* for petitioner. *M. León Parra* for respondent. *Frank Torres* for the workman.

Mr. Justice De Jesús delivered the opinion of the Court.

Jacinto Caquías, a workman, was hurt while working for the employer José Vázquez. The Industrial Commission of Puerto Rico found that José Vázquez was a non-insured employer and fixed the compensation at $288. With per diems and costs it came to $724.10. By order of May 19, 1939, the Commission ordered the employer to pay to the workman, besides the $724.10, the sum of $200 for attorney's fees. By another order of June 15 it lowered the item for attorney's fees to $190, in consideration of the fact that this Court had already granted to the workman's attorney the sum of $10 for services rendered by him before this Court.

The employer was not satisfied with the finding of costs and took recourse to this Court basing his appeal on that the Industrial Commission lacks jurisdiction to impose on an employer, *though he be non-insured,* the duty to pay attorney's fees to the workman and his beneficiaries.

None of the parties has presented a brief to support its contentions; but a similar question was decided by us on June 30, in the case of *Montaner* v. *Industrial Commission, ante,* p. 87. In that case the Manager of the State Fund had filed a writ of review against an order of the Industrial

Commission which had granted compensation to the beneficiaries of the workman Miguel Parque, and when the aforesaid order was affirmed, their attorney asked this Court to assess his fees and that once assessed, they be taxed against the State Fund and not deducted from the compensation granted to the workman's beneficiaries.

Deciding the issue we said at that time:

"Unless there is a law to authorize it, courts have no authority to make an award of costs. In other words, the award of costs is not an inherent power of the courts. 7 R.C.L. 781. Nor can attorney's fees be included in a memorandum of costs unless so authorized by law. 7 R.C.L. 792. Therefore, in order to determine if the petitioner has a right to have said fees paid by the State Insurance Fund, we must turn to Act No. 45 of 1935, *supra*, the only act which can guide us in this matter.

"The provisions of said Act which are pertinent to the question involved, are Sections 11 and 35 which state literally as follows: (italics supplied).

" 'Section 11.—Any interested party may present certified copies of an order or decision of the Industrial Commission, in accordance with this Act, against which a petition for review has been filed and a decision rendered thereon, a review of which before the Supreme Court of Puerto Rico may be requested within the term of fifteen (15) days after notification thereof; *Provided*, That said review may be granted only on questions of law.

" '*None of the parties shall incur costs of any kind in the prosecution of the remedies established by this Act.*

" 'Section 35.—For the prosecution, liquidation, or decision of their cases before the Manager of the State Fund or before the Industrial Commission, workmen or employees do not require the services of attorneys, but if they decide to obtain the services of one for the better direction and defense of their cases, the Industrial Commission shall fix the percentage which should be paid to the attorney in prosecuting a claim in favor of the employee or workman or their heirs or beneficiaries, in accordance with the provisions of this Act.

" 'In such cases the Industrial Commission shall fix, *chargeable to the compensation granted,* the percentage that should belong to the attorney as fees. Under no circumstances shall the appearance of agents or other persons be allowed in any case of claim before the Industrial Commission unless it is a case of a minor or incapacitated

person, in which case the person representing the minor or incapacitated person cannot collect any sum or receive any remuneration of any kind for representing or assisting the interested person in his claim for compensation.

" 'In cases which are the object of review before the courts and in mandamus cases authorized by this Act and in which the services of an attorney are utilized, *the court before which the case is tried shall fix the fees which the attorney should equitably receive.'*

"None of the Sections copied authorize this Court to order the State Insurance Fund to pay the attorney's fees of the workman, his heirs or beneficiaries and we have seen that unless there is a statute to authorize it, courts have no authority to order a party to pay attorney's fees. On the contrary, Section 11, supra, states that: *'None of the parties shall incur costs of any kind in the prosecution of the remedies established by this Act.'* An award of attorney's fees in favor of the workman or his beneficiaries to be paid by the State Insurance Fund would be in direct violation of the legislative provision stating that none of the parties shall incur in costs in the proceedings established by the Act. On the contrary, when Section 35 authorizes the Industrial Commission to fix the attorney's fees of the workman, his heirs or beneficiaries and states that they be paid *chargeable to the compensation granted,* it gives us the proper course to be followed in regard to attorney's fees which this Court may award, because, inasmuch as no conceivable reason exists to justify a distinction in respect to who should pay said fees, we should follow the system established by the Industrial Commission, that is to say, that said fees be paid from the compensation awarded to the workman or his beneficiaries, since where the same reason exists the same law should be applied. Therefore, we hold that the attorney's fees of the workman, his heirs or beneficiaries should be paid in every case from the compensation awarded to him."

There is a difference between that case and the one at bar in that this is a proceeding against a non-insured employer, while in that one, the employer was insured and compensation was to be paid by the State Insurance Fund. We have already seen that unless there is a statute so authorizing, the courts lack jurisdiction to impose attorney's fees upon the losing party, and we have also seen that Section 35 of the law in question, which is a general provision, and which under the title "Attorneys or Agents" regulates the

payment of fees, expressly provides that the fees of the beneficiaries' or workman's attorney shall be paid *"chargeable to the compensation granted."*

Let us now see if Section 15, which regulates the proceedings against noninsured employers, and which in the law appears before Section 35, contains any special provision that excludes the case of the noninsured employer from the general rule set by the aforesaid Section 35. Section 15, as far as pertinent, says as follows:

"Section 15.—In case of an accident to a workman or employee while working for an employer who, in violation of law, is not insured, the Manager of the State Fund shall determine the proper compensation *plus the expenses in the case,* and shall certify its decision to the Treasurer of Puerto Rico *who shall collect from the employer such compensation and expenses,* . . . *Provided, further,*. That the Commission shall grant the employer as well as the workman or employee in the case an opportunity to be heard and to defend themselves, conforming as far as possible to the practice observed in the district courts; *And provided, also,* That after the parties have been summoned by such means as the Commission may adopt, should they, or either of them, fail to appear for hearing and defense, it shall be understood that such party or parties waive their rights, and. the Commission may decide the case in default, without further delay.

"Should any employer employing four (4) or more workmen or employees fail to insure the payment of compensation for labor accidents in accordance with this Act, any prejudiced workman or his. heirs may proceed against such employer by filing a petition for compensation with the Industrial Commission, and may also bring suit for damages just as if this Act were not applicable; and they shall be entitled in such action, without furnishing bond, to attach the property of the employer for such sum as the court may determine, in order to insure the payment of such judgment as may be rendered, if the court considers that there is just cause for action after the examination of the claim, which shall be sworn to. Such attachment *shall include attorney's fees to be fixed by the court,* and shall be effective until the case has been decided and the amount of the judgment paid. If, as a result of such action for. damages, judgment is rendered against the employer in excess of the com-

pensation fixed by this Act, the compensation fixed, if paid or guaranteed by surety approved by the court, shall be deducted from the judgment.''

The copied provision only gives authority to the Manager and the Commission, in the proceedings had before them, to ''determine the proper compensation plus the expenses of the case'' and on the other hand, when the workman comes to court, according to said Section 15, the court is ordered to assess and include attorney's fees. If the intent of the Legislature had been that noninsured employers should pay the attorney's fees for the workman in the quasi-judicial proceedings before the Commission, it would have been easy to say so, as was done in case of judicial proceedings.

It cannot be argued that the word ''expenses'' includes ''attorney's fees'' because in the Common Law system in force in the United States, as well as in our law, the words ''costs'', ''expenses or disbursements'' and ''attorneys fees'' express three different meanings.

In the case of *Rivera* v. *Gerardino*, 53 P.R.R. ____, the following is cited with approval, from *Veve* v. *Municipality of Fajardo*, 18 P.R.R. 738, 743:

''The above transcribed sections 327 and 339 refer to costs, disbursements, and attorney's fees, and therefore we must accept this same distinction and cannot include disbursements and fees in the term costs.

'' *      *      *      *      *      *      *

''The term *costs* includes fees and reimbursements consisting of fixed and unalterable amounts previously specified by laws, regulations, or tariffs; and the term *disbursements* means the other expenses of a suit—that is, reimbursements and fees not comprised in the aforesame distinction and cannot include disbursements and fees in the term *attorney's fees*.''

In the cases of *Swartzel* v. *Rogers*, 3 Kan. 380, 382, and *Ball* v. *Vason*, 50 Ga. 254, it is held that the phrase ''costs and expenses'' does not include attorney's fees.

In the same case of *Rivera* v. *Gerardino, supra,* the following is cited from Corpus Juris:

"Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding.

"  *        *        *        *        *        *        *

"The term 'fees' and 'costs' are often used interchangeably as having the same application. Nevertheless, costs and fees are essentially different; the former are allowances to a party for the expenses incurred in prosecuting or defending a suit—an incident to the judgment; while the latter are compensation to public officers for services rendered individuals, in the progress of the cause." (15 C. S. pages 19–20.)

In our judgment, the Industrial Commission, according to Sections 11, 15 and 35 of the Workmen's Compensation Act, has no jurisdiction to order a noninsured employer to pay the attorney's fees of the injured workman or his beneficiaries.

In consequence thereof, the orders of the Industrial Commission dated May 19 and June 15 must be reversed in so far as they impose upon the petitioner the fees assessed to the attorney for the injured workman, and the case will be remanded for further proceedings not inconsistent with this opinion.

Mr. Justice Travieso took no part in the decision of this case.