No. 38,550

C. R. Vonachen and Myrtle Ann Vonachen, *Appellees,* v. (Pratt Glass Company, a partnership, et al.) Independent Lumber Company, a partnership, *Appellants,* and Ray R. Smith, *Appellee.*

(241 P. 2d 775)

Opinion filed March 8, 1952.

*Richard Barrett,* of Pratt, argued the cause for the appellants, and *George Barrett,* also of Pratt, was with him on the briefs.

*Eldon L. Meigs,* of Pratt, argued the cause and was on the briefs for the appellees, C. R. Vonachen and Myrtle Ann Vonachen.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from an order of the trial court discharging a garnishment. For the purpose of clarity the appellees, C. R. Vonachen and Myrtle R. Vonachen, will be referred to as garnishees, the appellant Independent Lumber Company as defendant, and Ray R. Smith, appellee and one of defendants, as the contractor.

The facts may be briefly related as follows: The Vonachens on January 25, 1950, entered into a written contract with contractor Smith for the erection of a dwelling house on lots owned by the Vonachens in the city of Pratt for a contract price of $9,650. The contractor constructed the dwelling house and had been paid the sum of $7,030 by the Vonachens, leaving a balance of $2,620 due under the contract. Five named defendants including the Independent Lumber Company filed liens against the property for materials in an aggregate sum exceeding $2,620, and on October 28, 1950, pursuant to the provisions of G. S. 1949, art. 14, ch. 60, and more particularly section 60-1409, the Vonachens filed their peti-

tion in the district court of Pratt county alleging that the aggregate liens and claims asserted by the defendants exceeded the sum due from them to the contractor under his contract; that the defendants' claims were adverse to the Vonachens' and cast a cloud upon their title; and that plaintiffs Vonachen were entitled to have the liens and claims adjudicated in accordance with the mentioned statutory provisions, and were further entitled to have the liabilities between them and the contractor determined. The defendant lienholders entered appearances; however, defendant contractor, though notified, failed to appear or defend. At a pretrial conference (G. S. 1949, 60-2705), plaintiffs Vonachen confessed liability for four of the lien statements as filed and judgment was entered accordingly. The fifth lien statement, that of defendant Independent Lumber Company, was denied on the ground that certain of the materials had not been delivered or used on the job. Trial was had on this issue and the court found that defendant lumber company's lien was not filed within the statutory time, and entered judgment for the Vonachens, but rendered judgment in favor of defendant lumber company in the sum of $2,420 against the contractor. Subsequent thereto on April 11, 1951, defendant lumber company caused a garnishment summons to be served upon the Vonachens and the contractor, the Vonachens thereby becoming garnishees in this action. They answered the garnishment summons stating they had entered into a contract with contractor Smith for construction of the dwelling house; that such construction was completed with minor exceptions; that they had paid to contractor Smith the sum of $7,030 on the contract price of $9,650; that certain mechanics liens were established against the property in the sum of $1,887.52 and that one garnishment lien was established against unpaid portions of the funds in the sum of $469.71; that the aforementioned liens had been paid. Garnishees further answered that after deducting all the aforementioned payments and legally established liens, there remained in their hands the sum of $262.77; that as a setoff and defense to this proceeding in garnishment on the part of the defendant lumber company against the contractor and these garnishees, the garnishees had expended the sum of $539.81 in preparing and making a defense to the claimed liens against the property covered by the mentioned contract, and that according to the laws of Kansas (G. S. 1949, 60-1406), it was the duty of contractor Smith to defend against claims of subcontractors or other persons

claiming liens under the law; that contractor Smith was made a party defendant in said action, was notified and had knowledge of the action, but failed and refused to make any defense thereto; that the owner garnishees were thereby entitled to make a defense to said claims at the expense of the contractor until all such claims, costs and expenses were finally adjudicated and defeated or satisfied, and were entitled to retain from the contract price the amounts so paid, and all costs and expenses they were required to pay in making such defense; that in making their defense they expended the amount of $539.81; that the amount expended by them in defending the original action was and is clearly in excess of any amount that may be owed by the garnishees to the contractor. Exceptions were taken to the answer of the garnishees by defendant lumber company (G. S. 1949, 60-948), and the court after hearing the evidence found generally in favor of the garnishees and against defendant lumber company, that the Vonachens had a legal right to offset their reasonable expenses in defending the original action against any claim the contractor or a judgment creditor of the contractor had against them, and that reasonable attorney fees for defending such action were $275, which sum was in excess of any balance remaining in the hands of the garnishees due the contractor. From this judgment the defendant lumber company has appealed to this court, the parties being agreed that the sole question for determination is:

Did the trial court err in holding that the landowners, who had a written contract with the contractor for the construction of a dwelling house for a sum stated and who brought an action under G. S. 1949, 60-1409 to determine their rights as against lien claimants, might offset attorney fees expended in such action against the amount remaining due the contractor or a third party by virtue of said third party being a judgment creditor of the contractor?

At the outset it may be stated that the right to recover attorney fees from one's opponent in litigation as a part of the costs did not exist at common law. Such a right is not allowable in the absence of a statute or some agreement expressly authorizing the taxing of attorney fees in addition to the ordinary statutory costs. The terms "costs" and "expenses" as used in a statute are not understood ordinarily to include attorney fees. (14 Am. Jur. 38, § 63.) The allowance of attorney fees as part of the costs of an action is generally dependent upon statutory authority expressly conferring the power to allow them. (14 Am. Jur. 40, § 65; 57 C. J. S. 1037, § 353; Ann. Cas. 1914C, 1300.) In a long and unbroken line of decisions of this

court beginning with *Stover v. Johnnycake,* 9 Kan. 367, we have uniformly held that a recovery of a litigant's outlay for travel and other expenses and for attorney fees is never allowed unless expressly authorized by statute. In *Shellabarger & Leidigh v. Thayer,* 15 Kan. 619, we held that attorney fees could not be taxed as costs in the foreclosure of a mechanic's lien. More recently this court in *State, ex rel., v. Sage Stores Co.,* 158 Kan. 146, 147-8, 145 P. 2d 830, reviewed the Kansas cases on the subject of allowing attorney fees as costs and held:

"Although stated in various ways and in diverse cases, this court has repeatedly held that attorney's fees and expenses of litigation, other than ordinary court costs, incurred by a prevailing party in an action, are not chargeable as costs against the defeated party, in the absence of a clear and specific statutory provision therefor. The following cases are cited as illustrative: *Stover v. Johnnycake,* 9 Kan. 367 (foreclosure); *Evans v. Insurance Co.,* 87 Kan. 641, 125 Pac. 86, 41 L. R. A., n. s., 1130 (fraud); *Zimmerman v. McMurphy,* 111 Kan. 654, 208 Pac. 642 (damages for corporate mismanagement); *Nicholson v. Fawley,* 112 Kan. 124, 210 Pac. 482 (specific performance); *Beck v. Good,* 147 Kan. 578, 77 P. 2d 968 (claimed escheated estate). See, also, cases cited in the above opinions. In the early case of *Swartzell et al. v. Rogers,* 3 Kan. 380, it was held that attorney's fees were not chargeable as costs and expenses in a partition suit. Thereafter the statute was amended to provide for their payment. Compare General Laws 1862, ch. 162, § 16 and G. S. 1868, ch. 80, § 628, the latter now appearing as G. S. 1935, 60-2113. In *Prest v. Black,* 63 Kan. 682, 66 Pac. 1017, and in *Warner v. Warner,* 83 Kan. 548, 112 Pac. 97, it was held that the fee allowed a guardian ad litem was not costs. These cases were decided prior to the enactment of Laws 1911, ch. 228, § 1 (now appearing as G. S. 1935, 60-408), which provided that such fees may be taxed and collected as costs."

See also *Murrow v. Powell,* 167 Kan. 283, 205 P. 2d 1193.

The action out of which the present matter arose was one brought by the landowner Vonachens to determine the rights of lienholders under G. S. 1949, 60-1409, which reads in pertinent part as follows:

"If any lien or liens shall be filed under the provisions of this article and no action to foreclose any of said liens shall have been commenced, the owner of the land may file his petition in the district court of the county in which said land is situated, making said lien claimants defendants therein, and praying for an adjudication of said lien or liens so claimed, and if any such lien claimant shall fail to establish his lien, the court may tax against said claimant the whole or such portion of the costs of such action as may be just . . ."

With the aforementioned general rule of law in mind, we find no provision in the foregoing statute whereby attorney fees may be

allowed and charged as costs. The garnishee Vonachens contend that notwithstanding the fact they as plaintiffs brought their original action under G. S. 1949, 60-1409, they are entitled to offset the expense of attorney fees as a part of the costs under G. S. 1949, 60-1406. An examination of this section reveals that it applies only to an action brought by subcontractors or other lienholders, providing a method whereby such subcontractor or lienholder may commence his proceedings to foreclose his lien within one year from the filing of the same under G. S. 1949, 60-1405, and has no application to an action initiated by a landowner prior to the one-year period referred to, under the permissive statute G. S. 1949, 60-1409.

In view of what has been said, the judgment of the lower court is reversed and the case remanded with instructions to the lower court to enter judgment in favor of appellants and against the garnishee Vonachens on their admitted liability in the sum of $262.77.