No. 44,817

WILBUR G. WALKER, (Claimant), *Appellee* and *Cross-Appellant*, v. DAVIS VAN & STORAGE CO., (Respondent), and AMERICAN EMPLOYERS INSURANCE CO., (Insurance Carrier), *Appellants* and *Cross-Appellees.*

(424 P. 2d 473)

Opinion filed March 4, 1967.

*Herbert A. Marshall,* of Topeka, argued the cause, and *Doral H. Hawks, E. Gene McKinney* and *Wayne E. Hundley,* all of Topeka, were with him on the briefs for appellants and cross-appellees.

*J. Eugene Balloun,* of Great Bend, argued the cause, and *H. Lee Turner, Max E. Eberhart* and *Jack G. Duncan,* all of Great Bend, were with him on the briefs for appellee and cross-appellant.

The opinion of the court was delivered by

KAUL, J.: This is an appeal from a judgment in a workmen's compensation proceeding pursuant to the provisions of K. S. A. 44-512a. The judgment was for the entire amount due under a

compensation award, about which there is no dispute, and for attorney fees in the amount of $3,000.

The trial court denied a claim for $6,000 for future medical expenses and entered judgment only for the medical expenses actually incurred.

The employer, Davis Van & Storage Co., and its insurance carrier, American Employers Insurance Co., hereafter referred to as respondents, appeal from the judgment allowing attorney fees and the employee, Wilbur G. Walker (Claimant), has cross-appealed from the judgment denying a *lump sum* for medical expenses in the sum of $6,000.

In their answer to claimant's petition respondents confessed judgment in the amount of $11,028.33, together with interest and the accrued medical expenses awarded plus reasonable medical expenses as may hereafter be incurred not to exceed $6,000, and denied that claimant was entitled to judgment for $6,000 for future medical expenses not actually incurred and for attorney fees. On motion of claimant summary judgment was entered by the trial court.

We shall first consider the question, raised in respondents' appeal, concerning the allowance of attorney fees. The claimant requested, and the trial court so found, that it should enter judgment for a reasonable sum to apply on claimant's attorney fees to be recovered as part of the costs as provided in K. S. A. 40-256, the amount was fixed as $3,000. The respondents contend that 40-256 is not applicable to any proceeding under the Workmen's Compensation Act, hereafter referred to as the Act. The statute in question reads:

"That in all actions hereafter commenced, in which judgment is rendered against any insurance company as defined in section 40-201 of the General Statutes of 1949, and including in addition thereto any reciprocal or inter-insurance exchange on any policy or certificate of any type or kind of insurance, if it appear from the evidence that such company or exchange has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company or exchange before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed."

Three prerequisites for the allowance of attorney fees are set out in 40-256, *supra,* (1) the judgment must be rendered in an

action against an insurance company (2) on a policy or certificate of insurance and (3) it must appear from the evidence that the company has refused to pay the full amount of the loss without just cause.

The controlling question in the instant case is whether or not the action can be said to be on a policy or certificate of insurance.

Respondents contend the instant case is a statutory action on an award of compensation based entirely on the provisions of K. S. A. 44-512a.

We have not been confronted with the precise question presented here. We have, however, discussed the provisions of 40-256 in a number of cases. In *Wolf v. Mutual Benefit Health & Accident, Association,* 188 Kan. 694, 366 P. 2d 219, an action to recover benefits on health and accident policy of insurance, the allowance and reasonableness of an attorney's fee was before the court. In considering what judgments came within the statute we stated at page 703 of the opinion.

". . . Did the legislature intend to say 'In all actions hereafter commenced, in which judgment is rendered against an insurance company on a policy of insurance,' or did it intend to say 'In all actions hereafter commenced on a policy of insurance, in which judgment is rendered against an insurance company? *In either case the action must be on a policy of insurance,* . . ." (Emphasis supplied.)

The subject of allowance of attorney fees in general was discussed in depth and cases dealing with the subject were reviewed in *Vonachen v. Pratt Glass Co.,* 172 Kan. 545, 241 P. 2d 775. The general rule of this jurisdiction was stated to be that attorney fees and expenses of litigation, other than ordinary court costs, incurred by a prevailing party are not chargeable as costs against a defeated party in the absence of a clear and specific statutory provision therefore. A long line of decisions adhering to this principle are cited and reviewed in the *Vonachen* opinion.

Our research has revealed two cases in this jurisdiction in which attorney fees were mentioned in workmen's compensation proceedings. In *Fleming v. National Cash Register Co.,* 188 Kan. 571, 363 P. 2d 432, the trial court found the insurance carrier's refusal to pay was not to have been without just cause and denied claimant's request for attorney fees. On appeal we stated that in view of such a finding the trial court did not err in refusing the allowance. In *Karle v. Board of County Commissioners,* 188 Kan. 800, 366 P. 2d 241, an application for attorney fees was made by claimant on ap-

peal. The application was not considered by this court since it had not been presented to the court below. In neither case were we specifically called upon to determine the applicability of 40-256, *supra*, to an action to collect workmen's compensation. We find neither case to be controlling as to the issue presented here.

Turning to other authorities we find the rule stated in 101 C. J. S., Workmen's Compensation, § 818, p. 112, as follows:

"The right to attorney's fees in workmen's compensation cases is wholly dependent on the provisions of the compensation acts, and fees are allowable only in such proceedings and in such circumstances as the statutes permit." (headnote.)

In 2 Larson on Workmen's Compensation, Attorneys' Fees, § 83.11, p. 345, the rule is stated:

"The basic rule applicable to a compensation case is the same as that for any other kind of case: each party pays his own lawyer, win or lose. . . ."

The universal rule appears to be that an allowance for an attorney's fee cannot be made unless expressly authorized by the Act. Some states have enacted such authority in their respective Acts, this state has not.

Four states have added a reasonable allowance for attorney fees to a successful claimant's award by express statute; all attempts to reach this result by judicial decision have been unsuccessful. (2 Larson on Workmen's Compensation, Attorneys' Fees, § 83.12, pp. 345-346.) Most states, including Kansas (K. S. A. 44-536), while preserving the principle that the claimant pays his own attorneys, have provided statutes for strict supervision and (in some states) limitation of the attorney fees to be charged against the claimant's award. (2 Larson on Workmen's Compensation, Attorneys' Fees, 1966 Cumulative Supplement, Table 21, pp. 560-561.)

We have repeatedly stated that the Act establishes a procedure of its own which provides a remedy that is substantial, complete and exclusive in compensation cases. (*Peschka v. Wilkinson Drilling Co.*, 192 Kan. 126, 386 P. 2d 509; *Wilson v. Santa Fe Trail Transportation Co.*, 185 Kan. 725, 347 P. 2d 235; *Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456.)

The identical question urged on the same theory as that advanced by claimant here was presented to the Supreme Court of Oregon in *Davis v. State Ind. Acc. Com.*, 156 Or. 393, 64 P. 2d 1330, where a motion for allowance of attorney's fee was denied. (*Davis v. State Ind. Acc. Com.*, 156 Or. 400, 66 P. 2d 279.) At the time of

the decision the Oregon Code contained provisions, relating to the allowance of an attorney's fee, similar to Kansas statutes. In refusing to allow attorney fees in a workmen's compensation action under Section 46-146, Oregon Code 1930 (substantially the same as K. S. A. 40-256), the court stated:

"When Gertrude Davis, the plaintiff, instituted the present proceeding she possessed no policy of insurance, and the proceeding is not based upon such an instrument, but upon a statutory liability. We are well convinced that § 46-134, Oregon Code 1930, does not authorize the allowance of an attorney's fee in this proceeding." (p. 402.)

The Oregon court also rejected Section 49-1843 ( *b* ) as authority for the allowance of attorney fees in the action. The statute just mentioned is comparable to K. S. A. 44-536 and provides the conditions under which a lien for attorney fees may be enforced against the award to a claimant. The Oregon court stated:

"Section 49-1843 ( *b* ), Oregon Code 1935 Supplement, does not authorize the award of an attorney's fee to be paid in addition to the compensation allowed by the commission.´ . . ." (p. 402.)

We hold that a judgment rendered in an action, such as this, to recover the entire amount of a workmen's compensation award, under the provisions of K. S. A. 44-512a, is a judgment in an action on an award of compensation and cannot be deemed to be a judgment rendered in an action on a policy of insurance as contemplated in K. S. A. 40-256.

In his cross-appeal claimant contends the trial court should have included, in the *lump sum* judgment, $6,000 for medical expenses, less amounts previously paid. Claimant argues that $6,000 for future medical expenses was a part of the compensation awarded by the Workmen's Compensation Director and therefore should be added to the compensation in the *lump sum* judgment. We find no merit in claimant's argument. The medical expense actually awarded by the Examiner and Director is set forth specifically in the award. The award set out incurred medical expenses, as itemized, and then recited: "The respondent is ordered to furnish the claimant medical expense not to exceed the sum of $6,000."

The furnishing of medical aid to an injured employee is payment of compensation within the meaning of K. S. A. 44-510 and failure to pay medical expenses when awarded, on demand, is sufficient to subject the entire award of compensation to acceleration in a proceeding under K. S. A. 44-512a. (*Owen v. Ready Made*

*Buildings, Inc.*, 180 Kan. 286, 303 P. 2d 168.) However, the figure of $6,000, as it appears in the statute, is clearly intended as a limitation of the total liability for medical expenses imposed upon the employer.

K. S. A. 44-510(1) sets out the various items of treatment and care to be furnished an injured employee by an employer and concludes with the provision "but the cost thereof shall not be more than six thousand dollars ($6,000)." We believe the import of this provision to be that of limitation only. The $6,000 figure was inserted in the award of the Director and Examiner as a limitation of the total liability of the employer for future medical expenses according to the statute and cannot be deemed to be an award of $6,000.

For the reasons assigned the judgment of the trial court allowing attorney fees, appealed from in respondents' appeal, is reversed and the judgment denying a claim of $6,000 for medical expenses, appealed from in claimant's cross-appeal is affirmed.

It is so ordered.