(656 P.2d 165)
No. 53,686

BARNETT & LERNER, CHARTERED, *Appellee,* v. AETNA CASUALTY AND SURETY INSURANCE COMPANY, *Appellant,* v. LEROY HOWARD, *Appellee.*

Opinion filed December 23, 1982.

*David K. Martin,* of Payne & Jones, Chartered, of Olathe, for the appellant.

*John G. O'Connor* and *Eric C. Rajala,* of Barnett & Lerner, Chartered, of Kansas City, for the appellee.

Before FOTH, C.J., PARKS and SWINEHART, JJ.

FOTH, C.J.: This is an action by the plaintiff law firm, Barnett and Lerner, Chartered, against the defendant, Aetna Casualty and Surety Company, a workers' compensation insurance carrier, to enforce an alleged attorney's lien for fees in a workers' compensation case. The trial court granted plaintiff judgment for its fees and expenses in the workers' compensation case, and also its fees for bringing this suit to enforce the lien. Aetna appeals.

In July, 1979, Leroy Howard hired the plaintiff law firm to represent him in a workers' compensation claim against his employer, who was covered by the defendant insurance company. The contract called for a 25% contingent fee plus out-of-pocket expenses. The fee agreement was filed with the workers' compensation director. In June, 1980, plaintiff law firm and defendant insurance company arrived at a tentative settlement of $988.94 for Howard's claim. According to plaintiff lawyers they recommended against accepting the offer but Howard directed

them to do so and they communicated that fact to counsel for Aetna. Before the settlement was submitted to or approved by the administrative law judge Aetna sent Howard a check in the "agreed" amount, payable to Howard alone. Howard cashed the check and (apparently) spent the money.

Thereafter, on July 30, 1980, plaintiff sent written notice to defendant of its lien claim. On August 18, 1980, a hearing was held before the administrative law judge. Howard appeared, but only in response to plaintiff's subpoena. He told of receiving and spending the money, but denied he had authorized a settlement. He also said plaintiff *probably* no longer represented him; he had consulted other counsel, but only for advice and not representation. No settlement was approved, and no order was entered as to fees. The administrative law judge concluded that Howard's receipt of the money was without prejudice to his claim, and the matter was generally continued for Howard to pursue his claim if he desired, either through plaintiff or some other attorney.

On November 3, 1980, plaintiff filed this suit for its attorney fees and out-of-pocket expenses. The defendant insurance company answered and filed a third party petition against Howard for indemnity.

On July 20, 1981, Howard's workers' compensation claim was dismissed with prejudice by the administrative law judge. Barnett and Lerner's contract of employment was approved, and the order declared the contract to be a lien on compensation due or to become due.

This case then went to trial to the court. Plaintiff was awarded 25% of the amount paid to Howard (less unauthorized medical expenses) plus out-of-pocket expenses of $566.16, for a total of $773.90. It was also awarded $1280.00 attorney fees for bringing this suit, purportedly under K.S.A. 40-256. Aetna was granted judgment against Howard on its third party claim for the $773.90. Aetna's appeal is from both elements of the judgment against it.

### I. The Lien

The first question is whether plaintiff had a perfected lien. Aetna points to K.S.A. 7-108, the general attorney's lien statute. It creates a lien on money in an adverse party's hands due to the attorney's client "from the time of giving notice of the lien to the party." The only notice of lien given to Aetna was on July 30, 1980, after Aetna had paid Howard. Nothing was paid or became

due to Howard thereafter. Hence, Aetna argues, there was nothing on which plaintiff's claimed lien could operate.

However, neither plaintiff nor the trial court relied on K.S.A. 7-108. Instead, both relied on the specific provisions of the workmen's compensation act dealing with attorney fees, and especially K.S.A. 44-536(*b*):

"All attorneys' fees in connection with the initial or original claim for compensation shall be fixed pursuant to a written contract between the attorney and the employee or his or her dependents, and every attorney, whether the disposition of the original claim is by agreement, settlement, award, judgment or otherwise, shall file his or her contract with the director who shall approve said contract only if it is in accordance with all provisions of this section. *Any contracts for attorneys' fees* not in excess of the limits provided in this section and approved by the director *shall be enforceable as a lien on the compensation due or to become due."* Emphasis added.

This subsection has four parts: It requires a fee contract to be in writing; it requires the attorney to file the fee contract with the director; it requires the director to approve the contract if it meets the limitations of the other portions of the section; and it provides that a contract comporting with the section and approved by the director "shall be enforceable as a lien on the compensation due or to become due."

The statute, it will be seen, requires no notice to the employer or insurance carrier, but simply creates a statutory lien upon compliance. Any deficiency which might be perceived in the failure to require notice is, to our mind, cured by the respondents' presumed familiarity with the statutory provisions. Although the situation might be different if the attorney's entry into the case was unknown to the respondents, an insurance carrier dealing with a claimant's attorney is bound to know that the attorney fee contract is required by statute to be filed and, if proper, is enforceable as a lien. Here, Aetna's representatives and later its counsel dealt throughout with plaintiff as attorney for the claimant Howard. It was on at last constructive notice of plaintiff's lien claim.

Aetna's claim that the lien only ripened when the fee contract was approved long after the money had been paid is answered by *Graham v. Elevator Co.,* 115 Kan. 143, 222 Pac. 89 (1924). There, as here, the workers' compensation statute required approval of the attorney fee contract as a condition of its enforcement as a lien. There, as here, the insurance carrier settled with and paid

the settlement directly to the claimant. There, as here, the fee agreement was approved after the payment was made. The chief difference between that case and this is that in 1924 workers' compensation cases were brought in the district court in the first instance; only after the 1927 revision of the act was the matter entrusted to an administrative agency. L. 1927, ch. 232. There was nothing in the pre-1927 workers' compensation law creating a lien, so resort to the general lien law was required, and the approval of the contract was by the district judge rather than an administrative officer. On the time of the lien's attachment the court said:

"The purpose of the statute was protection to workmen. That purpose was accomplished without impinging on the general law by requiring contracts for professional services to be in writing and to be approved by the court or judge. *While this approval is a condition to lien, it is not a time condition.* The method of perfecting a lien is still that prescribed by the general statute, and when perfected the lien will attach for whatever amount the court finally approves. After service of notice of lien, the employer must, at his peril, take into account the attorney's contract when settling with the injured workman and in paying awards and judgments." 115 Kan. at 145. Emphasis added.

Under that rationale of that case, Barnett and Lerner's lien attached at the time its contract was filed with the director. Where a fee contract complies with the act, approval at some time during the proceeding is a foregone conclusion. It could take place immediately upon filing, or at the final hearing, or any time in between. An attorney's lien rights should not depend on when the administrative agency gets around to formalizing its approval. As the *Graham* court said, while approval is a condition of a lien, it is not a *time* condition. Any other rule would open the door to collusive settlements to the possible detriment of claimants as well as their counsel.

In *Graham* the lien was perfected by giving notice under the general lien statute. As previously noted, the case was decided before the 1927 revision of the workmen's compensation act and there was at that time no statutory lien in the act. Hence borrowing from the general law was necessary and proper. Since 1927, however, the administrative provisions of the act have been regarded as complete in themselves. See, *e.g., Cruse v. Chicago, R. I. & P. Rly. Co.,* 138 Kan. 117, Syl. ¶ 1, 23 P.2d 471 (1933); *Dunn v. Kuhlman Diecasting Co.,* 203 Kan. 670, Syl. ¶ 1, 455 P.2d 536 (1969). As previously noted, those provisions now

create a statutory lien if there is compliance with the statutory conditions, which do not include the giving of notice.

We therefore conclude that where an attorney fee contract complying with the limitations of the workmen's compensation act is filed with and later approved by the director, and the employer or its insurance carrier deals with the attorney, a lien attaches to compensation due or to become due from the time of filing the contract.

Here plaintiff's contract complied with the act, was filed and later approved, and Aetna dealt with plaintiff law firm for over a year. To paraphrase *Graham,* Aetna was required at its peril to take into account plaintiff's contract when settling with the injured workman who was plaintiff's client. Having paid the claimant without regard to the contract, it was liable to make good on the lien. See 7 Am. Jur. 2d, Attorneys at Law § 348.

## II.   District Court Jurisdiction

Having determined that there was an enforceable lien, the next question is whether the district court had jurisdiction to enforce it. On this issue Aetna relies on the doctrine that the act is complete in itself, noted above, and the provisions of K.S.A. 44-536(*h*):

"Any and all disputes regarding attorneys' fees, whether such disputes relate to which of one or more attorneys represents the claimant or claimants or is entitled to the attorneys' fees, or a division of attorneys' fees where the claimant or claimants are or have been represented by more than one attorney, or any other disputes concerning attorney's fees or contracts for attorneys' fees, shall be heard and determined by the director, after reasonable notice to all interested parties and attorneys."

Aetna argued below and renews its argument here that plaintiff's exclusive remedy was to submit its lien claim to the administrative agency. Such a claim, it contends, falls within the statutory language "any and all disputes" and "any other disputes concerning attorney's fees or contracts for attorney's fees."

While the argument has plausibility, we believe on closer analysis that plaintiff has done everything at the administrative level required of it. The thrust of subsection (*h*) as we perceive it is to ensure administrative control over fees which are to be paid out of compensation received by a worker. Its underlying purpose, like that of many provisions of the act, is to protect the injured worker from overreaching by either counsel or employer,

and to insure fairness in their dealings with him. It is of particular value when the amount of a fee is in dispute or more than one attorney is involved, the two situations specifically mentioned in the statute. Neither of those situations is present here.

As we see it, this action does not involve a fee dispute, but is simply one to enforce an attorney's lien. Plaintiff's fee contract fixed the amount of its compensation. The contract was filed with the director, approved, and adjudicated to be a lien, all at the administrative level. The only question unanswered at that level was the dollar amount due, which was ascertainable by mathematical computation. The administrative law judge could presumably have made such a calculation, but there is nothing in the act which authorizes him to enforce the result reached. In our opinion that additional step was not a prerequisite to filing this action.

Looking elsewhere in the act we find that enforcement of an award of compensation by the director is through an independent action in the district court. See K.S.A. 44-512a (including an award of attorney fees to be fixed by the court); K.S.A. 44-529 (an unsecured award may be filed in district court and become the basis of a judgment). And *cf.* K.S.A. 44-504 (in a statutorily assigned action against a third party tortfeasor the court allocates attorney fees between the employer and the worker). Thus the courts do have a role to play in workers' compensation cases, and that role is not confined to appeals from awards. It includes in appropriate cases the determination and award of attorney fees.

We conclude that where, as here, there is no dispute as to fees but only an action to enforce a perfected attorney's lien, the district court has jurisdiction of the action even though the amount of the lien has not been determined by the workers' compensation director. Since Aetna raises no issues on appeal as to the amount awarded plaintiff's fees and expenses in the workers' compensation case, that portion of the trial court's judgment is affirmed.

### III. Attorney Fees in This Action

At the trial court level both plaintiff and the trial court relied on K.S.A. 40-256 in awarding plaintiff a fee for bringing this action. On appeal plaintiff concedes that that statute was clearly held inapplicable to workers' compensation cases in *Walker v. Davis*

*Van & Storage Co.,* 198 Kan. 452, 424 P.2d 473 (1967). Plaintiff urges that *Walker* should be overruled.

Apart from the doctrinal difficulty we would have in overruling a decision of our Supreme Court, in our opinion *Walker* was correctly decided. The rationale of the case lies in the court's analysis of the statute:

> "Three prerequisites for the allowance of attorney fees are set out in 40-256, *supra,* (1) the judgment must be rendered in an action against an insurance company (2) on a policy or certificate of insurance and (3) it must appear from the evidence that the company has refused to pay the full amount of the loss without just cause." 198 Kan. at 453-54.

The missing element in a worker's compensation case was held to be the second: the action is not "on a policy or certificate of insurance." The common theme running through countless cases dealing with K.S.A. 40-256 is that its purpose is to make whole an insured who is unjustifiably required to sue his own insurance company. An injured worker's claim, on the other hand, is not against the insurance carrier but against the employer, who may or may not be insured. He has no direct cause of action on the employer's insurance policy if there is one.

Alternatively, plaintiff would justify a fee for this action under K.S.A. 44-512a. Assuming that theory was presented to the trial court, in our opinion it is not applicable here. That section deals with an action for past due compensation; where an injured workman must sue his employer to collect amounts awarded him he is entitled to be reimbursed for his attorney fees. Here there is no past due compensation. Plaintiff did not bring this action on behalf of the worker but solely in its own behalf. The worker's only interest is in fact adverse to that of plaintiff law firm; to the extent that plaintiff recovered against Aetna, Aetna recovered a judgment against the worker. There is simply no way this action can be fit into the confines of 44-512a.

No other theory is suggested or comes to mind which would justify a fee award for bringing this action. Accordingly that portion of the judgment must be reversed.

That portion of the judgment awarding plaintiff $1280 for bringing this action is reversed. In all other respects the judgment is affirmed.